# Henry *against* M'Closkey.

If the direction by a testator in his will, to sell his real estate be not absolute but qualified, and the qualification which he annexes, prevents a sale of it until the course of descent is changed by death, it will descend as land and not money.

ERROR to the common pleas of *Washington* county.

This was an action of *assumpsit* by Robert Henry, administrator of Hannah Henry, deceased, who had been his wife, against Elizabeth M'Closkey and Andrew Russell, executors of Robert M'Closkey, deceased, to recover his said wife's share of the estate of her father, who was the defendant's testator under the following circumstances:—Robert M'Closkey, by his last will and testament, thus disposed of his estate:—

" I give and bequeath to my beloved wife, Elizabeth, her heirs and assigns, the one-third part of my personal property, absolutely, and the one-third part of the proceeds, or clear yearly profits of my real estate during her natural lifetime. Item: I give and bequeath to my sons John, Wallace, Robert and Gavier each two dollars. Item: I give and bequeath to my daughter Catherine M'Millan two dollars. Item: I give and bequeath to the three children of my deceased daughter, Agnes Mashman, one dollar each. Item: I give and bequeath to my daughters, Mary, Eleanor, Elizabeth, Sarah, Margaret and Hannah, their heirs and assigns, all the remainder of my estate real and personal, to be divided equally between them share and share alike. The land is not to be sold upon any account, until the youngest devisee above mentioned, is twenty-one years old, but the proceeds shall be given to the per-

IX.—N*

sons above to whom I have bequeathed it yearly, if they are of age: if they are minors, it shall be given to their guardians. When my youngest child is of age, it is my desire, that all the land shall be sold, if my wife agrees to this, but a fund shall be placed in safe hands, equal to the third part of the price of the land, the interest of which shall be paid to her yearly while she lives. Finally, I constitute and appoint my wife Elizabeth, Abraham Anderson, and Andrew Russell, Jun., executors."

On the trial of the cause, it was admitted that Hannah Henry, deceased, was the youngest child of the testator, Robert M'Closkey deceased; that she died in 1833, aged 24 years, leaving issue one child, named Hannah, who is still. alive, and for whom Robert Henry, the plaintiff was appointed guardian the 27th of January, 1839. It was further admitted, that in the fall of 1836, the executors with the assent of the widow, sold the land to Alexander M'Elroy for the sum of 6879 dollars, and 13½ cents; and on the 25th of March, 1837, a deed for said land was made to M'Elroy by Elizabeth M'Closkey, executrix, and Andrew Russell, surviving executors of Robert M'Closkey; two-thirds of the purchase-money was paid to the executors, and the remaining third in the hands of the purchaser, the interest of which was to be paid to the widow annually during her life. The share of Hannah Henry in the two-thirds, paid into the hands of the executors, was 750 dollars.

The court below (Ewing, president) was of opinion that the plaintiff was not entitled to recover for two reasons. First: Because the estate devised was land, until the assent of the widow to its sale was given, which was not until after the death of the plaintiff's wife, when it descended as land to her heir at law, subject to curtesy estate of the husband. Secondly: Because no demand of the legacy was made before suit brought. He directed the jury to find for the defendant.

*Watson,* for plaintiff in error, cited, on the first point, *Law Lib.* (July, 1839,) 24, 29, 69; 1 *Baldw.* 177; 13 *Serg. & Rawle* 330; 2 *Rawle* 185; 1 *Whart.* 252, 263. On the second point, 2 *Rawle* 52.

*M'Giffon,* for defendant in error, cited 1 *Rop. on Leg.* 369; 4 *Mad. Chan.* 484; 1 *Bro. Ch.* 497; 3 *Wheat.* 557.

The opinion of the court was delivered by

KENNEDY, J.—The solution of the question raised in this case, depends upon the construction that is to be put upon the clause of the will which has given rise to it. If the direction of the testator to sell his real estate is to be considered as absolute, and a thing that he intended should be carried into effect, when Hannah, his youngest daughter, should come of full age, and his widow should

[Henry v. M'Closkey.]

agree to it; or if his widow should not agree to it during her life, then that it should be effected immediately upon her death, or if upon Hannah's attaining the age of twenty-one years, his widow should be dead, that it should then be sold, the land would be considered money in equity from the death of the testator, and one-sixth part thereof, being vested, as a legacy in money, in Hannah at the time of her death, her husband under our intestate law became entitled to it; and, having taken out letters of administration upon her estate, would have a right to claim a judgment for the recovery of it here. But if from the words of the will, to which alone we must look, in order to ascertain what was the intention of the testator, in this respect, it shall appear that he only intended a sale should be made of the real estate, in the event of his wife's consenting to it, and not otherwise, a conversion of it into money would not, even in equity, be considered as having taken place, until such consent on her part had been given. But as her consent to a sale was not had, until after the death of the wife of the plaintiff, in whose right he seeks to recover the whole as her personal representative, it is clear that he cannot recover in that character; but as the real estate of his wife, of which he was seised in her right at the time of her death, he, having had issue by her capable of inheriting it, is entitled to claim the use of it as tenant by the curtesy during his natural life. This distinction is not only sustainable upon the ground of reason, but the authorities cited and referred to by the counsel for the plaintiff go to support it; and to show that the plaintiff can not recover his wife's portion of the real estate of the testator as a money legacy bequeathed to her, unless the direction of the testator in his will to sell it be regarded as absolute and unconditional. In the case of Rinehart *v.* Harrison, 1 *Baldw.* 185, a case referred to by the counsel, Mr. Justice Baldwin lays it down, that " it will be considered as money from the death of the testator, *when* the direction for a sale is *absolute*, and the proceeds disposed of as money." For this, he cites 1 *Roper on Leg.* 369; Fletcher *v.* Ashburner, 1 *Bro. Ch.* 497; Smith *v.* Claxton, 4 *Madd.* 484. So *Leigh and Dalzell on Equitable Conversion* 15, 5 *Law Lib.* 8, say, " that in order to make the various means before mentioned of converting property effectual, it is essential that the direction to convert be positive and explicit:" and for this, they refer to Symons *v.* Rutter, 2 *Vern.* 227, and Curling *v.* May, cited in Guidot *v.* Guidot, 3 *Atk.* 255, which seem to sustain their proposition fully. The question then here would appear to be, has the testator, by his will, *explicitly*, and *positively* and *absolutely* directed that his real estate shall be sold and distributed as money, giving one-sixth thereof to the wife of the plaintiff? We think, that, according to the terms of the will, and by giving to them an interpretation that will be free from conjecture, he has not. For, in the first place, he declares expressly, that " the land is not to be sold upon any account, until the young-

est *devisee* above mentioned, (meaning Hannah, the late wife of the plaintiff,) is twenty-one years old;" and then he directs, " when my youngest child (meaning Hannah) is of age, it is my desire that all the land shall be sold, if my wife agrees to this," without making or giving any further provision or direction for a sale of it in any other event. Why he has thus in the most explicit terms, made the sale depend upon the consent of his wife, it is not for us to say. It may be, however, that as she was one of the executors, and had an interest in it, he was not willing that a sale should be made by them without she should think that she would be benefitted by it, and the sale have the benefit of her counsel and advice. At all events, it will not do for us, though we can see no other object which the testator could have had in view in directing a sale, but that of making an equal distribution among the six daughters, to determine that he intended the land should, therefore, be sold *absolutely* upon the death of his wife, if she prevented its being done during her life by withholding her consent, because this would only be conjecture at best, which is never to be resorted to for the purpose of ascertaining the intention of the testator, which is to be the guide in the construction of wills especially. Besides, it is only, as we have seen, where the testator has *explicitly* directed that a sale shall be *absolutely* and *positively* made of his real estate, that the *conversion* of it is to be considered as taking place from his death. Here no sale was to be made, unless the testator's wife consented to it; the sale, therefore, which was directed was not absolute, and could not be so considered, until the wife had given her assent. Until then, it could not be considered converted; nor any thing except real estate, which was, after the death of the wife of the plaintiff, when it descended to him at law as land. Besides, the testator calls the wife of the plaintiff his " youngest devisee," which, technically speaking, could only be applicable to her upon the principle, that she, at his death, should take the interest that he designed for her in his land, as real estate, and not as personal estate or money.

Judgment affirmed.