## Bishop's Appeal.

If a man die intestate, leaving a widow and one child, there may be a partition between them, if it can be made without prejudice to the estate.

APPEAL from the decree of the Orphans' Court of *York* county.

John C. Bishop died intestate, leaving a widow and one child. The child, by his guardian, presented a petition for a writ of partition and valuation. The inquest found and returned to the court that as there was but one heir, they had not divided the property, but valued the whole together. The court set the whole proceeding aside, for the reason that they could not entertain a proceeding in partition under the facts of this case, when there was but one heir.

*Mayer,* for appellant, referred to the Act of 1832, section 36; 13 *Serg. & Rawle* 85; 2 *Whart.* 188; 2 *Miles* 38; 3 *Watts & Serg.* 456; 5 *Whart.* 221.

*Campbell,* for appellee, referred to the Act of 8th April 1833, section 1; *Purd. Dig.* 598.

The opinion of the Court was delivered by

KENNEDY, J. — The question in this case is, whether seven disinterested persons, chosen by the parties and appointed by the Orphans' Court to make partition of the real estate of John C. Bishop, of which he died seised and intestate, leaving a widow and a son, his only child, ought to divide the same between the widow and son, if it can be done without prejudice to or spoiling the whole. By referring to the 36th and 37th sections of the Act of the 29th of March 1832, entitled "An Act relating to Orphans' Courts," *Pamph. Laws* 190, 201, this question is solved very clearly, and without leaving the least possible doubt. The 36th section enacts, that " the Orphans' Court of the county where the real estate of a decedent is situate, shall have power, on the application of the *widow,* or any lineal *descendant* of the decedent, having an interest in such real estate, if of full age, or if under age, on the application of his guardian, to appoint seven or more disinterested persons, chosen on behalf and with consent of the parties; or when the parties cannot so agree, to award an inquest to make partition of the real estate of such decedent; and upon the return made by the persons so appointed, or of the inquisition

taken, to give judgment that the partition thereby made be firm and stable for ever; and that the costs thereof be paid by the parties concerned." The 37th section then enacts, "when any such estate cannot be divided among the lineal descendants as aforesaid, or the *widow* and such lineal descendants, without prejudice to or spoiling the whole, the said seven or more persons, or the said inquest, as the case may be, shall make and return a just appraisement thereof to the Orphans' Court; and thereupon, but not otherwise, the said court may order the same, first to the eldest son, if he be living, &c." The seven persons appointed in this case to make partition of the estate, conceived, as there was only one heir or lineal descendant of the intestate, that they had no authority, and could not, therefore, divide the estate between him and the widow, according to their respective interests; and accordingly, under this notion, which was clearly erroneous, appraised it without taking into consideration the question whether it could be divided between the widow and the heir without prejudice to or spoiling the whole. The appraisement was returned to the court, and thereupon, no objection being made to it, it was confirmed *nisi* as a matter of course. But within the time allowed by the rule of the court for filing exceptions to the report, the court was moved to set aside the confirmation thereof that had been entered; and the court, after looking into the matter, came to the conclusion that inasmuch as there was but one heir, the court had no jurisdiction over the matter, and could not entertain a proceeding for the purpose of making partition between him and the widow. In this opinion we think the court were also mistaken, as well as the persons appointed to make the partition. And although the court were right in setting aside the confirmation of the report, they were clearly wrong in the reason they have assigned for doing so. But then they ought to have gone further, and to have set the report aside also, because the authors of it had not decided on, or taken into consideration, whether the partition of the estate could be made without prejudice to or spoiling the whole of it; and having set the report aside on this ground, the court ought, with the assent of the parties, to have referred it back to the same persons or to others chosen by the parties for that purpose, with instructions to make partition between the heir and the widow according to their respective interests; that is, allowing to the widow one-third of the estate, agreeably to its annual value, and two-thirds thereof to the heir, if such partition could be made without prejudice to or spoiling the whole; or in case the parties could not have agreed on the persons who should be appointed by the court to make partition, then the court ought to have awarded an inquest for that purpose. It is not easy to imagine how the Orphans' Court fell into the error which it appears to us they committed, unless it be because in the 37th section already recited, in speaking of the estate, when it "cannot

be divided among the lineal *descendants*, or the widow and the lineal *descendants*," descendants are mentioned in the plural number; and hence, if there be but one lineal descendant, the court have no authority to act. But such a conclusion would be repugnant to the whole tenor of the Act, so far as it relates to this matter, as also the manifest design and object of the Legislature. The 36th section, as we have seen, expressly declares that the Orphans' Court shall have power on the application of the *widow* or any lineal *descendant*, to proceed, in the manner therein prescribed, to have partition made of the estate. It is sufficient, therefore, that the application, in order to give the Orphans' Court jurisdiction of the matter, is made by the *widow* or a lineal *descendant* of the decedent, without regard being had to the number of such descendants; whether one only, or more, can and certainly ought to make no difference. It is just as necessary, according to the general design of the Act, that the widow should have her portion or third of the estate laid off by metes and bounds, where there is but one lineal descendant, as where there are two or any greater number. It would certainly be regarded as a great omission in the Act, if the case of a widow and one descendant were not embraced as much as the case of a widow and twenty descendants. Besides, the Act in this part is remedial in its nature; and if a doubt could be raised as to its embracing the case, it ought to be construed liberally with a view to prevent the mischief or inconvenience that was intended to be remedied or relieved against. The proceeding in the Orphans' Court is reversed, and the record remitted, that the said court may proceed to have a partition of the estate made, if practicable, and if not, an appraisement thereof made, as directed by the Act of Assembly passed in this behalf.

Decree reversed.