## Hutchison's Appeal.　Wilkins's Estate.

| 82 | 509 |
|----|-----|
| 141 | 98 |
| 82 | 509 |
| 178 | 4?3 |
| 82 | 509 |
| 219 | 589 |
| 219 | 590 |

W. devised certain real estate to H. in trust, to take the same "into his possession and charge, and at his option either to rent the same * * * or to make sale of the same for such prices, &c., as he might deem safe, * * * and upon receipt of the rents or purchase-money, to pay over the same" to W.'s four daughters in equal shares, &c. The testator further expressed an intention that the trustee should hold the property with full power to sell and dispose of the same as occasion might offer, so that a partition might be unnecessary. He further provided that another portion of his property (his mansion house) should, in certain contingencies, go into the "possession, charge and trust of H. with the above estate to be held and managed by him in like trust;" and also that the "common fund for distribution among his daughters" should consist, inter alia, of the *sales* of the real estate set forth in the petition and the mansion house. Some years after W.'s. death, H., as trustee, and in behalf of his wife, one of the daughters of W., filed a petition in the Orphans' Court for the partition of that portion of the property which then remained unsold. Upon a demurrer thereto, the court below dismissed the petition: *Held* (affirming the court below), that the daughters took no estate which could be the subject of partition. *Held*, also, that the trust to sell was the main purpose of the will, and that the trustee would be answerable to the Orphans' Court, under sect. 4 of the Act of 29th March 1832, and the Act of 16th June 1836, for the due exercise of this power, and therefore the power to rent did not tend to create a perpetuity.

October 30th 1876. 'Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Allegheny county*: Of October and November Term 1876, No. 229.

This was a petition of James A. Hutchison as testamentary trustee under the will of William Wilkins, deceased, and in behalf of his wife, who was a daughter of William Wilkins and a devisee under the will of the latter, praying an inquest for the partition of certain real estate in Allegheny county, which formerly belonged to William Wilkins, and was devised by him to Hutchison in trust, as appears below.

Mr. Wilkins died June 27th 1865. By his will, after devising his mansion house and its appurtenances to his wife for life, he provided: "After the death of my wife, I devise * * * my Homewood residence to my four daughters, Maria D. Sanders, Catherine H. Hutchison, Sophia B. Carr, and Henrietta C. Wilkins, their heirs and assigns as tenants in common, share and share alike; but as it is my desire, if possible, that the same above described piece of property, embracing my mansion house, shall not pass out of my family, if any of them can make satisfactory arrangements for retaining the same, I further will and direct that after the death of my wife, the said piece of property be appraised by persons mutually chosen by such of my daughters as may survive my wife, and that if any of my daughters heretofore named, who shall survive, shall elect to take the same at such appraisement, and shall secure the payment of such appraised value to the satisfaction of the other said

[Hutchison's Appeal.]

daughters, and then the child so electing to take the said property, shall have, hold and enjoy the same to the only use, benefit and behoof of herself, her heirs and assigns for ever; and that my said daughters shall have the privilege of making such election, in the order in which their names are above mentioned. And further, that the money and product from the execution of this arrangement shall pass into and become part of the common fund for distribution amongst the four daughters and heirs named as legatees herein.

" All the rest of my lands, tenements and hereditaments, situate in Wilkins and Peebles townships, Allegheny county, subject to the bequests and provisions herein made, I give and devise to my son-in-law, James A. Hutchison, his heirs and assigns, for the purposes, trusts and conditions hereinafter mentioned, and for no other purpose; that is to say, he shall take the said property into his possession and charge, and *at his option either* rent the same upon such terms as he may conceive conducive to the interests of the trusts with which he is hereby invested, *or* make sale of the same for such prices, upon such terms, and upon such securities as he may deem safe, and execute such contracts and deeds in fee simple or otherwise, as may be necessary to secure titles to the purchasers, according to the terms of their respective contracts; and in the sales so made, or contracts entered into, the said purchasers shall not be bound to see to the application of the purchase-money. And in further trust, that the said James A. Hutchison, upon the receipt of the rents or purchase-money, shall pay over the same to my daughters, Maria D. Sanders, Catherine H. Hutchison, Sophia B. Carr and Henrietta C. Wilkins, their heirs and assigns, in equal proportions, that is to say, one-fourth to each of my said daughters; or shall either of them request it, invest her proportion of the money so received in such securities as she may direct, and in such purchases as either of them may direct and be desirous of making. It being my intention by this clause of my devise that my said trustee shall hold the property for the uses and objects mentioned, with full power to sell and dispose of the same as occasion may offer, so that a partition of the property may become unnecessary. I presume the harmony and good will that must prevail amongst all, will render needless a resort to compulsory and judicial proceedings. * * *

" The common fund for distribution amongst my four daughters, under this testament, will consist of the sales of my real estate in Wilkins and Peebles townships, of the sale and transfer in either way, as is herein specially provided for, either before or after the death of my wife, but not intended in any way to impair the bequests to her of the mansion house and the portions of ground annexed to it, of bonds, mortgages, debts and shares of stocks, or any other property that may be collected. * * * In case no election of that property [the mansion house] should be made by any of my daughters, then, after the death of my wife, the same property

[Hutchison's Appeal.]

shall go into the possession, charge and trust with the other estate, to be held and managed in like trust as is hereinbefore confided to him, James A. Hutchison, in the character of my trustee, as hereinbefore mentioned."

The testator further devised certain real estate in the city of Pittsburgh to his daughters directly, and without the intervention of a trustee, and finally provided as follows :—

" I authorize my executor, hereinafter named, immediately after my decease, to take possession of all my estate, not herein specifically devised, and exercise such acts of ownership over the same as may be necessary for the security of the trusts with which he is invested, and for the general benefit of the parties interested in these, my devises ; and I direct that he shall not be held responsible for any investment he may think proper to make in relation to my estate, he using his best discretion therein.''

Part of the lands in " Wilkins and Peebles townships " were sold by the trustee, but about 392 acres remained unsold at the time this petition was presented, and constituted the lands of which partition was prayed.

Maria D. Sanders demurred to the petition as " not sufficient in law to entitle the petitioner to have partition made of the real estate of the said William Wilkins ;" the court below made a decree *pro forma* sustaining the demurrer and dismissing the petition. Hutchison appealed from this decree, and assigned for error the dismissing of the petition.

*G. W. Guthrie,* for the appellant.—In Pennsylvania, one who owns an equitable estate may maintain proceedings for partition, although there may be an outstanding legal title, provided there is no adverse possession : Willing *v.* Brown, 7 S. & R. 468 ; Bleight *v.* M. & M. Bank, 10 Barr 131 ; Longwell *v.* Bentley, 11 Harris 99. In Selfridge's Appeal, 9 W. & S. 55, there was a conversion of the land into money. See also Cowan's Appeal, 24 P. F. Smith 329.

The trusts under the will are executed : Dodson *v.* Ball, 10 P. F. Smith 492 ; Wells *v.* McCall, 14 Id. 207 ; Yarnall's Appeal, 20 Id. 335 ; Ogden's Appeal, Id. 501.

The trustee petitions for partition ; he therefore does not deny the possession of the beneficiaries under the will.

The discretionary power of sale in the will does not work an equitable conversion ; that would require an absolute direction to sell : Stoner *v.* Zimmerman, 9 Harris 395 ; Anewalt's Appeal, 6 Wright 414 ; Nagle's Appeal, 1 Harris 260 ; Greenway *v.* Greenway, 2 DeG., F. & J. 128 ; Page's Estate, 25 P. F. Smith 87 ; Chew *v.* Nicklin, 9 Wright 84 ; Edwards's Appeal, 11 Id. 144 ; Bourne *v.* Bourne, 2 Hare 35 ; Ibbison's Estate, Law Rep. 7 Eq. 226 ;

Lucas *v.* Brandreth, 28 Beav. 273; Miller's Appeal, 10 P. F. Smith 404.

*Dallas Sanders*, for the appellee.—The trust was an active one; it was the testator's intention that the trustee should hold the property and sell it as occasion might offer. The beneficiaries were entitled only to the income of the property and to the purchase-money when it was sold. They would have no right to control the discretion of the trustee in making sales.

In Dodson *v.* Ball, the trust was to permit the beneficiary to occupy and manage the property. Here the trustee is to receive and pay over the income and also to sell at his discretion.

Under Earp's Appeal, 25 P. F. Smith 119, and Ashhurst's Appeal, 27 Id. 464, a bequest of the income would be held an active trust.

Judgment was entered in the Supreme Court, March 6th 1876,

PER CURIAM.—This being a petition to the Orphans' Court for partition of the real estate of the late William Wilkins, situate in Wilkins and Peebles townships, the true question is whether the daughters named in the petition were seised or possessed of any estate, in law or equity, which could be parted and divided among them consistently with the will of the testator. If they had not, whether by reason of an existing active trust inconsistent with any estate, possession and control on their part, or by reason of an absolute conversion into personalty, the petition must be denied; otherwise the will of the testator would be frustrated. That they had no such seisin or possession at law or in equity seems to be very clear. They had no estate as heirs at law, for the will took the estate out of the course of descent, and cast it upon the trustee for purposes which concern only a limited number of the heirs, viz.: these four daughters. As to these daughters no trust of the land itself was created, but a trust only of the rents until sale, and then a trust of the purchase-money; while the nature of the trust of the rents, as we shall see presently, is inconsistent with such a devise of the income or profits as carries an estate in the land. The devise is to James A. Hutchison, his heirs and assigns. This carried the whole legal estate to him, at law. The devise was for " the purposes, trusts and conditions *hereinafter mentioned*, and *for no other purposes.*" These hereinafter-mentioned trusts, therefore, constitute all the equities of the trust, for the testator says there shall be none other. The first condition of the trust is, " He shall take the said property into his possession and charge." This is inconsistent with a partition, which necessarily invests the purparts in the daughters, or carries the property to an immediate public sale, on terms differing from those the discretion of the trustee may

dictate. The will then continues, " and at his option either *rent* the same, upon such terms as *he* may conceive conducive to the interests of the trusts with which *he* is hereby invested, or *make sale* of the same for such prices, upon such terms, and upon such securities as *he* may deem safe, and execute such contracts and deeds, in fee simple or otherwise, as may be necessary to secure titles to the purchasers, according to the terms of their respective contracts." These are the two and the only purposes, the testator having said, " and for no other purposes," of the trust declared of the property itself, and both are inconsistent with any estate in the land in these daughters. A partition would take the land out of the " possession and charge" of the trustee, and prevent the exercise of either power to rent or to sell " on such terms and securities as *he* might deem safe." He could make neither contracts nor conveyances, for the course of partition would supplant all his powers. The trusts as to the daughters are express, and therefore inconsistent with an implied trust, by reason of income or otherwise, for the will proceeds : " And in further trust, that the said James A. Hutchison, upon the receipt of the rents or purchase-money, shall pay the same over to my daughters Maria D. Sanders, Catherine H. Hutchison, Sophia B. Carr, and Henrietta C. Wilkins, their heirs and assigns in equal proportions," &c., " it being my intention by this clause of my devise that my trustee shall *hold the property* for the uses and objects mentioned," thus excluding the daughters, " with full power to sell and dispose of the same *as occasion may offer*, so that a partition of the property may become unnecessary." This clause is very demonstrative of the intent of the testator. Thus he says he intends that the trustee shall hold the property and *sell* (not rent) and dispose of the same as *occasion may offer*. The prime intent is to sell whenever circumstances make it " conducive to the interest of the trusts," as he had before said. But as occasions may not offer when it would be conducive to these interests to sell, he had therefore given the option to rent. These too were intended to be the means which would render a partition unnecessary. This is an answer also to the argument that the option of the trustee to rent might be executed so as to create a perpetuity. Such an option would be an abuse of his discretion and contrary to the main and plain intent of the testator that he should make sales as occasion should offer. The option to rent is evidently secondary and ancillary to the power to sell. The main intent deduced from this clause is made more manifest in the next succeeding paragraph but one, which declares that the common fund for distribution amongst these four daughters in this testament will consist of the sales of his real estate in Wilkins and Peebles townships, &c. This intention is further aided by the fourth paragraph following, in which he declares that the direct devise of the Homewood mansion and the described

1 NORRIS—33

[Hutchison's Appeal.]

sixty-seven acres annexed to it, should after the death of his wife " go into the possession, charge and trust with the other estate, to be held and managed in like trust as is hereinbefore confided to him, James A. Hutchison, in the character of my trustee, as hereinbefore mentioned." Such being the intention of the testator, that the trust to sell shall be the main purpose, and the option to rent only secondary and ancillary, the trustee would clearly become amenable to the control of the Orphans' Court under the 4th sect. of the Act of 29th March 1832 relating to Orphans' Courts, which provides that the jurisdiction of the Orphans' Court shall extend to and embrace " generally all cases within their respective counties wherein executors, administrators, guardians or *trustees* are or may be possessed of, or undertake the care and management of, or are in any way accountable for any *real* or personal estate of a decedent, and such jurisdiction shall be exercised in the manner hereinafter provided."

The 19th section of the Act of 16th June 1836, relating to the jurisdictions and powers of the courts is a substantial re-enactment of the same provisions. This subject was carefully considered in Dundas's Appeal, 14 P. F. Smith 325, in which it was held, under these clauses, that the Orphans' Court has power to control testamentary trustees in the exercise of powers over real and personal estate. In this case therefore the trustee, were he to undertake to continue to lease contrary to the plain intent of the testator, that his real estate should be sold as *occasion should offer* as a fund for these daughters, would be amenable to the control of the Orphans' Court. It is very clear it would be an abuse of his option to lease, were he to make leases conflicting with the testator's intent to sell and furnish such a fund for distribution among his daughters, or contrary to the policy of law which forbids perpetuities. The lessees themselves may, under the decision in Dundas's Appeal, be made parties to the citation, if it should be necessary. The trust therefore being inconsistent with partition and possession of the daughters, and no estate in the land being conferred on them, the petition was properly refused.

The decree of the Orphans' Court affirmed and the appeal dismissed at the costs of the appellant.

SHARSWOOD and PAXSON, JJ., dissented.