# Brown's Appeal.

| 84 | 457 |
|---|---|
| 189 | 335 |

| 84 | 457 |
|---|---|
| 192 | 62 |

| 84 | 457 |
|---|---|
| 212 | 223 |

Since the Act of 29th of March 1832, partition is demandable by the widow of a decedent as a matter of right in the Orphans' Court, and the Act of the 17th March 1845, having conferred upon the Common Pleas, in equity, jurisdiction in all cases of partition, she is entitled to file her bill in the latter court for that purpose.

June 6th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Appeal from the Court of Common Pleas of *Warren county:* In Equity. Of May Term 1877, No. 225.

Appeal of Samantha Brown and Alexander Brown, her husband, in right of Samantha, from the decree of the court, dismissing, for want of jurisdiction, a bill filed by said parties setting forth the interest of said Samantha in the real estate of which her late husband, Heman L. Brown, died seised, and praying for partition thereof.

The facts are stated in the opinion of this court.

*W. D. Brown* and *Wilbur & Miles,* for appellants.

*Clark & Noyes,* for appellee.

Mr. Justice PAXSON delivered the opinion of the court, October 1st 1877.

This is a question of jurisdiction. Heman L. Brown died

intestate seised of thirty-three acres of improved land.   He left
surviving him a widow, Samantha Brown, and one child, Orletta
Brown, a minor.   Philip Mead, guardian of said minor, by virtue
of an order of the Orphans' Court sold said land, subject to the
widow's interest, to Seth W. Rowley, the appellee.   Samantha
Brown, the widow, having subsequently intermarried with Alexan-
der Brown, filed this bill in the Common Pleas against said Row-
ley, for partition.   The court below dismissed the bill for want of
jurisdiction.

The 36th section of the Act of 29th of March 1832, Pamph. L.
201, provides that partition may be made in the Orphans' Court
of the real estate of any decedent upon "the application of the
widow, or any lineal descendant of the decedent, having an interest
in such real estate."   In Bishop's Appeal, 7 W. & S. 251, the
intestate left a widow and one child surviving.   A petition was
filed in the Orphans' Court on behalf of the child, praying for par-
tition.   It was held by that court that there could not be partition
between *one* descendant and the widow.   This ruling of the Or-
phans' Court was reversed by this court upon appeal, and it was
held, that "if a man die intestate leaving a widow and one child,
there may be partition between them, if it can be made without
prejudice to the estate."   See also Gourley *v.* Kinley, 16 P. F.
Smith 270; McCall's Appeal, 6 Id. 363.

Formerly the Orphans' Court alone had jurisdiction to make
partition between persons who take by descent from one who died
seised of real estate.   This exclusive jurisdiction was taken away
by the Act of 21st of April 1846, Pamph. L. 426, which declares
that "nothing contained in the act entitled 'An act relating to Or-
phans' Courts,' passed on the 29th day of March 1832, shall be
construed to give to the Orphans' Courts of this Commonwealth ex-
clusive jurisdiction in the partition and valuation of the real estates
of intestates, or to prevent any of the parties interested in such real
estates, from proceeding by action of partition in the other courts
of this Commonwealth, which have jurisdiction of the action of par-
tition."

The proceeding in this case was by bill in equity.   The authority
for it, if it exists at all, must be found in the 3d section of the Act
of 17th of March 1845, Pamph. L. 160, which is as follows :  "The
Supreme Court in and for the Eastern District of Pennsylvania, and
the Court of Common Pleas of Philadelphia county, shall each have
all the power and jurisdiction of a court of equity, in all cases of
dower and partition within the city and county of Philadelphia."
The Act of 14th of February 1857, Pamph. L. 39, confers upon
the respective Courts of Common Pleas throughout the Common-
wealth, all the equity powers possessed by the Court of Common
Pleas of Philadelphia county.   It was contended, however, that the
Act of 1845 was intended to apply only to such cases in which an

[Brown's Appeal.]

action of partition would lie, and that inasmuch as a widow could not be a demandant in such action, her remedy was still confined to the Orphans' Court. We regard this as a narrow construction of said act. It evidently was intended to apply to all cases in which by the laws of this state partition is demandable. The language of the act is broad enough to warrant this construction. We have seen that under the Act of 1832, and the cases cited, the widow of an intestate is entitled to partition of the real estate of which her husband died seised. It is true the jurisdiction was limited in such cases to the Orphans' Court, but the Act of 1845 extended the jurisdiction in *all* cases of dower and partition to the Common Pleas in equity. If this bill had been filed by the heir the jurisdiction could not well have been questioned. Yet in such case the widow would have been a necessary party, and her rights would have been ascertained and determined in such proceeding. In Gourley *v.* Kinley, *supra*, Mr. Justice WILLIAMS recognises the right of the widow since the Act of 1846 to proceed under the partition acts to have her share assigned to her, in all cases where her husband died seised and in possession of real estate. It is not necessary to go so far in this case. What we decide is, that since the Act of 1832, partition is demandable by the widow as a matter of right in the Orphans' Court; and that the Act of 1845 having conferred upon the Common Pleas in equity, jurisdiction in all cases of partition, she is entitled to file her bill in the latter court for that purpose.

> The decree is reversed at the costs of the appellee, and the record ordered to be remitted to the Orphans' Court for further proceedings.