## W. I. GREENOUGH v. BRUCE SMALL ET AL. (1)

### APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 27, 1890—Decided October 6, 1890.

1. Where an offer of evidence embraces several distinct items and any one of them is incompetent, it is not error for the court to reject the whole offer; the trial judge may separate the wheat from the chaff, but he is not bound to do so.
2. A will, devising real estate with a provision that the devisees may sell it at any time after the testator's death, "provided they mutually agree to the time of the sale," the proceeds to be equally divided among the devisees, does not work a conversion of the realty devised.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 371 January Term 1890, Sup. Ct.; court below, No. 215 December Term 1886, C. P.

On November 16, 1886, William I. Greenough brought ejectment against Bruce Small and Susan E., his wife, in right of said wife; Clarence Hawthorne and Rose, his wife, in right of

### Statement of Facts.

said wife, P. C. Oberdoff, Jacob Youngman, and others who were tenants, to recover the undivided seven thirty-sixths part of two adjoining lots of ground, being lot No. 111 and part of lot No. 112, in Sunbury. Issue.

At the trial on September 26, 1889, the plaintiff showed that John G. Youngman died on September 13, 1871, seised in fee of certain real estate, including the property in dispute, and leaving a will dated November 5, 1868, duly admitted to probate on October 28, 1871, wherein, after having devised to Louisa Hester Youngman two certain parcels of ground, he provided as follows:

2. "I give and bequeath unto my children, generally, to George B. Youngman, Andrew A. Youngman, Louisa H. Youngman, Jacob Youngman, John Youngman, and Susan E. Bright, widow of Francis Bright, late of Hazleton, deceased, all my real property, Louisa Hester's house and half lots and kitchens aforesaid excepted; and a building lot which will be mentioned below; so also one share in the Carbon railroad, which I give to my son John, also to be excepted. The aforesaid real property my heirs may sell at any time after my death, provided they mutually agree to the time of sale. The proceeds of the sale shall be divided among the heirs in equal shares. However, from William's share, four hundred dollars with interest must be deducted and added to Susan E. Bright's share on account of said amount loaned William in 1860. Eight hundred dollars, with interest, must be deducted from Jacob Youngman's share, on account of a promissory note for said amount which Jacob gave to Susan Eliz., and in which I am bail; the amount must be added to said Susan Eliz.'s share, provided the note is not previously paid."

The plaintiff showed, also, that George B. Youngman, a devisee in the portion of the will quoted, died on April 9, 1880, intestate and unmarried, leaving to survive him his brothers and sisters, Andrew A., Louisa H., Jacob, William, John and Susan E. Bright, now Small; that other changes had been made in the titles, and that by a sheriff's sale made on May 8, 1885, the interest of John Youngman, also a devisee, being the undivided seven thirty-sixths, of the two lots in dispute, was sold to William I. Greenough, the plaintiff herein, the sheriff's deed to him being acknowledged and delivered on May 25, 1885.

Arguments.

The plaintiff having rested, the defendants made a long offer, apparently intended to cover their entire case, wherein it was proposed to show, in connection with the will of John G. Youngman, deceased, the record of proceedings by a bill in equity filed by the defendants against W. I. Greenough and the sheriff to restrain the sale of said interest of John Youngman; also the record of proceedings in partition of certain lands embracing the lots in dispute, the appointment and report of an auditor therein; together with many averments of fact relating to said various proceedings; this, for the purpose, in effect, of establishing the claim of the defendants that no title to the interest in dispute passed by the said sheriff's sale to the plaintiff.

The offer being objected to by the plaintiff, it was excluded; and, no further evidence being adduced, the court, ROCKE- FELLER, P. J., directed the jury to find for the plaintiff for the undivided seven thirty-sixths part of the property or lots mentioned and described in the writ. The jury having returned a verdict for the plaintiff as directed, a rule for a new trial was discharged, whereupon the defendants took this appeal, assigning the refusal of defendants' offer and the direction to find a verdict for the plaintiff, for error.

*Mr. William A. Sober*, for the appellants.

That the will of John G. Youngman worked an equitable conversion, counsel cited: Roland v. Miller, 100 Pa. 47; Philadelphia's App., 112 Pa. 474; Brolasky v. Gally, 51 Pa. 509; Dundas's App., 64 Pa. 325; Allison v. Wilson, 13 S. & R. 330; Morrow v. Brenizer, 2 R. 185; Willing v. Peters, 7 Pa. 287; Evans's App., 63 Pa. 183; Allison v. Kurtz, 2 W. 185; Gray v. Smith, 3 W. 289; Reed v. Mellor, 122 Pa. 635.

*Mr. Chas. M. Clement* and *Mr. S. P. Wolverton*, for the appellee.

That, when evidence is offered as a whole and part is inadmissible, it is not error to reject the whole, counsel cited: Sennett v. Johnson, 9 Pa. 335; Wharton v. Douglass, 76 Pa. 273; Dewhurst v. Allegheny, 95 Pa. 437; Heath v. Slocum, 115 Pa. 549; Citizens Bank v. Gillespie, 115 Pa. 564. As to conversion: Hartman's Est., 4 R. 44; Selfridge's App., 9 W. & S.

Opinion of the Court.

55; Waln's App., 4 Pa. 502; Kinney v. Glasgow, 53 Pa. 141; Hunt's App., 105 Pa. 128; Bleight v. M. & M. Bank, 10 Pa. 131.

PER CURIAM:

The first assignment of error contains twenty printed pages. It embraces a wide range, including copies of records, etc. It would be remarkable if an offer of such magnitude did not contain something that was not competent. As it was offered as a whole, it follows that the entire offer must be admissible. If a single item was incompetent, the learned judge below was justified in rejecting it. He may separate the wheat from the chaff, but he is not bound to do so. Without going into detail, it is sufficient to say that the offer was properly rejected.

The case below turned upon the single question whether by the will of John G. Youngman his real estate was converted into personalty. By the second paragraph of said will, he devises his real estate to his children, naming them, and then adds this clause: "The aforesaid real property my heirs may sell at any time after my death, provided they mutually agree to the time of sale. The proceeds of the sale shall be equally divided among the heirs in equal shares," etc. This is not a conversion. There is not even an order to sell. On the contrary, the testator merely authorizes his heirs or devisees to sell the real estate he had previously devised to them. He conferred upon them no power which they did not possess without this provision. In order to work a conversion there must be something more than a mere power of sale. There must be a direction or command to sell. It is this direction which works the conversion.

The case was argued with great zeal and earnestness at bar. In addition, we were favored with a printed argument of eighty-seven pages. But neither the zeal of the argument, nor its length, has convinced us that there was a conversion of the real estate of the testator, and with this important question out of appellants' case there is nothing left.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.