Florinda Caldwell and Henry Caldwell, her Husband, Appellants, *v.* Mary Snyder, Widow of Joseph Snyder, Simon Snyder, Elizabeth Connor, Phœbe Jane Claypool and David Claypool, her Husband, Henrietta Householder and William Householder, her Husband, Anna Belle Christy and John C. Christy, her Husband, Rosanna Murphy and James Murphy, her Husband, Harry Richards, Lawrence Richards, and Mary Richards, Minor Children of Caroline Richards, deceased, of all of whom S. M. Jackson is Guardian, and Jacob Richards, her Surviving Husband ; John Pickles, Craig Pickles, Dudley Pickles and Annie Pickles, Wife of Barclay J. Klingensmith, Children of Nancy Pickles and John Maginnis, her Surviving Husband.

*Will—Partition—Conversion—Advancements.*

Where parties hold property in common the right of partition exists without regard to its difficulties.

Testator after providing for his wife and giving a legacy to a son provided that all the rest and residue of his estate, real and personal and mixed, should be equally divided between his children, subject to deduction from " their share " of specified advancements. He also directed his " executors to sell or lease any or all of my real estate at any time that it may be advisable, and by the agreement of my wife and a majority of my heirs." *Held,* that one of the devisees under the will had a right to demand partition of the real estate notwithstanding the power to sell given to the executors. Baum's App., 4 Penny. 25, distinguished.

Argued Oct. 12, 1896. Appeal, No. 10, Oct. T., 1896, by plaintiffs, from decree of C. P. Armstrong Co., June T., 1895, No. 222, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill in equity for partition. Before RAYBURN, P. J.

From the record it appeared that plaintiffs and defendants were devisees under the will of Joseph Snyder. The material portions of the will are as follows :

" I give, devise and bequeath to my beloved wife, Mary Snyder, any of my household furniture she may wish to keep and to have two cows, one horse, one buggy and harness, and if she remains at the old homestead, which she may if she so desires, she shall have the exclusive use of room of the house for her own use, also stabling and pasture for cows and horse, and when the balance of my personal property is sold she shall receive the one-third of the cash proceeds thereof.

" I give, devise and bequeath to my son, Simon Snyder, $1,000.00 when my real estate is disposed of, after which all the rest and residue of my estate, real and personal and mixed, of which I shall die seized and possessed of or to which I shall be entitled at my decease, I give and devise to be equally divided between my son, Simon Snyder, my daughter, Nancy, inter married with John McGinnis, her heirs; Elizabeth, inter married with Matthew Connor; Phœbe Jane, inter married with David Claypool; Henrietta, inter married with William Householder; Rosannah, inter married with James Murphy; Florinda, inter married with Henry Caldwell; Caroline, inter married with Jacob Richards, her heirs, and Anna Bell, inter married with John C. Christy, after following I have heretofore given to my heirs as follows, which shall be deducted from their share as follows : The share of my son, Simon, $1,200, twelve hundred dollars ; my daughter Nancy's heirs, $400, four hundred dollars; Phœbe Jane, $30.00, thirty dollars; Henrietta, $783.00, seven hundred and eighty-three dollars, this includes $400 dollars paid for lot in Apollo, the balance three hundred and eighty-three being notes and interest to date, which I hold on Henrietta's son, McC. Householder, and Anna Bell Christy, $215.00, two hundred and fifteen dollars, all of which I have given the said heirs, and direct that it shall be deducted from their share.

" Also, I direct that my wife, Mary, shall receive her dower out of lands aside from the above bequests as long as she lives, and direct my executors to sell or lease any or all of my real estate at any time that it may be advisable, and by the agreement of my wife and a majority of my heirs.

" And, I further will and direct that if any of my heirs are dissatisfied with this my will and resort to law that they are hereby disinherited, and shall not have the bequeaths in their

favor, but shall have one dollar and the balance of said share or shares be divided equally between the heirs who submit to this, my will.

"Also, my piece or parcel of land, situated on Crooked Creek, I direct may be sold and disposed of at any time as may be best.

"And, lastly, I do nominate and appoint my wife, Mary Snyder, of Bethel township, and David Claypool, of North Buffalo township, my executors."

The court sustained a demurrer to the bill on the ground that the sale must be made by the executors with the agreement of the widow and a majority of the heirs.

*Error assigned* was in dismissing bill.

*M. F. Leason,* for appellants.—That the will of Joseph Snyder did not convert his real estate is shown by reference to the following decisions: Hoeveler v. Hune, 138 Pa. 442; Perot's App., 102 Pa. 235; Irwin v. Patchen, 164 Pa. 64; Lehman's App., 105 Pa. 128.

There is no absolute necessity to sell in order to execute the will of Joseph Snyder because the advancements mentioned in the will and charged up against the legatees to whom advancements have been made, are in the nature of liens, and can easily be adjusted if the land be partitioned after having been appraised, or by the giving of recognizance, or, in case, should the property be finally sold, in the distribution of the money.

*W. D. Patton,* for appellees, cited, Baum's Appeal, 4 Penny. 25; 2 Williams on Executors, 1147.

OPINION BY MR. CHIEF JUSTICE STERRETT, Nov. 11, 1896:

The rule of the civil as of the common law, that no one should be compelled to hold property in common with another, grew out of a purpose to prevent strife and disagreement: Story's Eq. sec. 648; and additional reasons are found in the more modern policy of facilitating the transmission of titles and in the inconvenience of joint holding. The early remedy was limited in its scope; but has been developed until, as has been said, practically the right of partition exists without regard to its difficulties: Story's Eq. sec. 656; Wiseley v. Findley, 15 Am. Dec. 711. Thus in the Cold Bath Fields case, Chancellor HARD-

WICK did not hesitate to act notwithstanding the admitted difficulties : Turner v. Morgan, 8 Ves. 143.   So partition is of right between tenants in common where some have limited and some absolute interests: Duke v. Hague, 107 Pa. 57; though it involve another partition on the death of the party having a limited interest: Poundstone v. Everly, 31 Pa. 11.   So that part of the land, on which are improvements, may be set apart to the tenant who made them: Kelsey's Appeal, 113 Pa. 119. So where land is incapable of equal division it may be set apart to some, upon compensation made to others.   Practically the only limit to the right lies in the inherent qualities of the estate, as in Hutchinson's Appeal, 82 Pa. 509, and Brown v. Church, 23 Pa. 495; or of the subject; Coleman v. Coleman, 19 Pa. 100 ; and this is the question involved in the present appeal. Is there anything in the quality of this land or estate which forbids partition ?   Certainly, so far as the land is concerned, there is not; and, leaving out of consideration the power of sale given the executors, this is an ordinary devise of land subject to certain charges for advancements.

The testator in the first instance provided for his wife, and the payment of a legacy to his son Simon, which appears to have been paid in his lifetime and is therefore out of question here, " after which all the rest and residue of his estate, real and personal and mixed," was " to be equally divided between " his children, subject to deduction, from " their share," of specified advancements.   Prima facie this made them tenants in common in fee with all the incidental rights of such estate. There was no active trust created and no restriction on the individual right of disposition.   Neither the interest of his widow nor the advancements is any obstacle to partition ; for the law makes provision for the adjustment of such matters. There is therefore no occasion for the services of the executors ; and no conversion.   True, there is power of sale vested in the executors ; but that can only be called into life by the agreement of the widow and heirs.   But suppose those whose advancements are largest should refuse to agree to a sale by the executors, are the others thereby excluded from all other remedy notwithstanding the manifest intent to put them all on terms of equality ?   Are they put to the election of selling their individual interests at a sacrifice or maintaining indefinitely

the tenancy in common? Surely not. As there was no exclusion of the ordinary remedies, this must have been intended as cumulative. The authorities are in entire harmony with this view. Thus it was held in Rawle's Appeal, 119 Pa. 100, a direction to executors to " divide " did not exclude partition by the devisees themselves; and in Sheridan v. Sheridan, 136 Pa. 14, a power given executors to sell, "if they found it necessary to do so in order to make a fair and equitable division of the estate."

The case of Baum's Appeal, 4 Pennypacker, 25, upon which appellees rely, is exactly the converse of the present case. There the testator directed the executor to convert, giving the beneficiaries, however, the privilege—of which they never availed themselves—of taking the land instead of the proceeds; and partition was refused because the legatees had no title in the land; while here the legal and beneficial title was given to the children accompanied by a mere power in the executors which can only be exercised by virtue of their agreement; and the present proceeding implies failure to agree. It is therefore clear that a right of partition exists and the decree below must be reversed.

Decree reversed with costs to be paid by the appellees, and record remitted to the court below with instructions to proceed in accordance with the views expressed in this opinion.