SAM S. BROWN, PETITIONER, ET AL.[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33867, 33868, 33869, 34079. Promulgated April 14, 1953.

*David B. Buerger, Esq.,* and *Alexander Black, Jr., Esq.,* for the petitioners.
*John J. Hopkins, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith : William S. Brown and Elizabeth M. Brown, Docket No. 33868 ; Nelle Wood Hay, Docket No. 33869 : and J. Homer McCready and Jean B. McCready, Docket No. 34079.

74

OPINION.

MURDOCK, *Judge:* The parties agree that decision of this case turns entirely upon the question of whether the will of the decedent equitably converted the real property at 523 Wood Street into personalty so the title thereto was in the estate of the decedent and the loss was the loss of the estate rather than the loss of the residuary beneficiaries under the will. They also agree that that question is to be determined by interpreting the will itself under the laws of Pennsylvania to determine the intention of the testator. *Arrott* v. *Heiner*, 92 F. 2d 773. They both cite and rely upon *Hunt's Appeals*, 105 Pa. 128, 141, in which the court said that:

in order to work a conversion, there must be either—

    1st. A positive direction to sell; or

    2d. An absolute necessity to sell in order to execute the will; or

    3d. Such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the said fund as money.

The Commissioner's argument is that the facts "fall squarely within the ambit of the second test quoted above." That is, "There is here an absolute necessity to sell in order to execute the will." There was a power but no positive direction to the executor in the will to sell the property. *Shaffer* v. *Shaffer*, 354 Pa. 517, 47 A. 2d 702. There was no blending of real and personal estate by the testator in his will. Thus the determination of the Commissioner must stand or fall, as he contends, on the question of whether or not there was an absolute necessity to sell in order to execute the will.

The cases cited by both parties show that conversions of this kind are not favored and will not be found except where a sale of the real estate is absolutely necessary to the execution of the will. The following quotation from *Yerkes* v. *Yerkes*, 200 Pa. 419, 423, 50 Atl. 186, approved by the Supreme Court in *Shaffer* v. *Shaffer*, *supra*, 518–519, is illustrative:

It should never be overlooked that there is no real conversion. The property remains all the time in fact realty or personalty as it was, but for the purpose of the will so far as it may be necessary, and only so far, it is treated in contemplation of law as if it had been converted. Few testators have any knowledge of the doctrine or any actual intent to change the nature of their property except when and to the extent that may be required to carry out the special purpose of the will. The presumption therefore, no matter what the form of words used, is always against conversion; and even where it is required it must be kept within the limits of actual necessity.

There was ample personal estate and the Commissioner, in order to show the necessity for the sale, relies principally upon the provisions in the fifth and thirteenth paragraphs of the will. He argues that the requirement of a consent of a majority of the children was merely a condition as to the time when the executor could exercise his right to sell, and an intention that the executor should sell is shown by the fact that the specific bequests out of the proceeds of the sale of the Wood Street property required a sale of that property by the executor in order to pay those bequests. The petitioners point out that in paragraph Thirteenth the decedent gave his executor power to sell the Wood Street property only with "the consent of a majority of my children then living," that was a limitation on his power to sell and was not a mere limitation on the time of sale, *Henry* v. *McCloskey*, 9 Watts 145, and it has been held under substantially similar circumstances that such a provision does not result in a conversion. *Nagle's Appeal*, 13 Pa. 260; *Caldwell* v. *Snyder*, 178 Pa. 420, 35 Atl. 996; *Tomb's Estate*, 155 Pa. Super. 605, 39 A. 2d 367; Cf. *Scott's Estate*, 37 Pa. Super. 198; *Greenough* v. *Small*, 137 Pa. 128, 20 Atl. 396.

The petitioners also argue that the purpose of paragraph Fifth was merely to make provision for the adjustment of the advancement to

William M. when and if the Wood Street property was sold, and there are substantially similar cases which show that such a provision does not result in a conversion where, as here, the beneficiaries were the same persons to whom the real estate would go in equal shares were it not sold. If the beneficiaries under Fifth were not the persons to whom the property would go in equal shares if it were not sold, the sale would probably be necessary and a conversion would follow. Cf. *Fahnestock* v. *Fahnestock*, 152 Pa. 56, 25 Atl. 313; *Kurinec Estate*, 46 Sch. L. R. 100. However, where, as here, the persons are the same, those persons have a choice of selling or of not selling and a sale is not necessary. The testator in the *Nagle* case, *supra:*

devised all his estate to his wife, during widowhood; "at her decease it is my desire, if the majority of my children be agreed, that my executors shall sell all my real estate * * * and give unto my son John $500, money borrowed from him." He then directed his executors to give $500 to each of his seven children, out of the proceeds of his real estate, and directed the residue to be equally divided between them, in three years after receiving the $500. If any of the children did not make a good use of the $500, the executors were to keep the residue, to administer it as their necessities required.

The court stated at page 264:

It has also been urged upon us that, by the subsequent direction to pay a debt and legacies out of a fund arising from a sale of the realty, is necessarily given a power to sell, for the purpose of raising that fund, which there is nothing to qualify or render contingent. It would be difficult to support this proposition in face of the express provision, that a sale has only to be made in the event of the assent of those who otherwise would take the land. It may be, that where a sale is absolutely required to effectuate a well-ascertained paramount intent, that otherwise would be frustrated, the necessity will afford a controlling reason in the construction of the instrument creating the power. But there is no such overruling necessity here. As for the so-called legacies, they represent but the value of the land which, unsold, goes to the legatees.

It was held in that case that no conversion was effected. The testator, in *Caldwell* v. *Snyder*, *supra*, directed his executors to sell real estate "at any time that it may be advisable, and by the agreement of my wife and a majority of my heirs." The court, in that case, said in part:

There was no active trust created and no restriction on the individual right of disposition. Neither the interest of the widow nor the advancements is any obstacle to partition; for the law makes provision for the adjustment of such matters. There is therefore no occasion for the services of the executors; and no conversion. True, there is power of sale vested in the executors; but that can only be called into life by the agreement of the widow and heirs.

Cf. *Scott's Estate*, *supra; Greenough* v. *Small*, *supra*.

The Pennsylvania authorities have been studied in order to learn what the courts of that state have held under circumstances as similar to those here present as have been discovered. No exact parallel to the terms of the will in this case has come to light and the intent of the decedent must be determined from the provisions of his own will.

The decedent had a number of ways in which he could have offset the $12,000 advancement to his one son and it is not clear why he provided as he did. However, the matter of that advancement could have been settled by the children without the executor selling the Wood Street property. The conclusion has been reached that the decedent did not intend to require its sale by the executor and since there was no necessity for its sale by the executor there was no conversion. That decides the only question between the parties.

*Decisions will be entered under Rule 50.*