RUTH C. HALE & others *vs.* ELIZABETH HALE & others.

Essex.   Nov. 9, 1883. — May 9, 1884.   W. ALLEN & HOLMES, JJ., absent.

A testator by his will directed that, within one year from the date of his death, his manufacturing business should be closed, and his mills sold, and the proceeds of the sale remain in the hands of his executors and trustees for certain purposes named. *Held*, that the executors had an implied power to sell after the expiration of the year.

A testator by his will directed that his mills at G., and all the lands, dwelling-houses, tenements, and real estate of which he might die possessed, situated in G., and in the vicinity of said mills, should be sold. *Held*, that the power of sale included two parcels of land in G., used in connection with the mills, but not contiguous thereto; a parcel of land with tenement houses thereon, in G., a mile and a quarter from the mills, and not used in connection with them; and a parcel of land in another town, a mile and a half distant from the mills, used for flowage purposes in connection with the mills.

BILL IN EQUITY, filed May 31, 1882, by the executors of and trustees under the will of Ezekiel J. M. Hale, to obtain the instructions of the court as to the construction of the will of the testator, the second clause of which was as follows:

" Second. It is my will that within one year from the date of my decease the manufacturing business, which I have established at Groveland in the county of Essex and Commonwealth of Massachusetts, shall be closed up and discontinued, and that my woollen mills, situated at said Groveland, with the furnishings and machinery, both fixed and movable, used in and about the same, also the dams, water power, and water privileges connected therewith, and all the lands, dwelling-houses, tenements, and real estate of which I may die seised or possessed, situate in said Groveland, and in the vicinity of said mills, excepting the parsonage-house and lot of land upon which said house stands, used by the St. James Episcopal Church, which are herein otherwise disposed of, shall be sold and disposed of in one lot, by public auction sale, and the proceeds of said business and of said sale

shall remain in the hands of my said executrix and executors and trustees, and their successors, subject to the disposition and provisions hereinafter named."

The bill alleged that the testator died on June 4, 1881; that his will, a copy of which was annexed to the bill, was duly admitted to probate on July 8, 1881; that, since the testator's death, the plaintiffs had profitably carried on the business mentioned in the second clause of the will; that the year from the testator's decease was about to expire; that there had been no time, since the plaintiffs obtained possession and control of the property, when a sale of the mills could have been made except at a great loss and sacrifice; and that a sale could not be made before the expiration of the year, except at great disadvantage and damage to the estate.

The bill further alleged that the plaintiffs were in doubt whether they could sell and pass a good title to the property mentioned in the second clause of the will, after the expiration of the year, and whether certain specified lands were included within the property described in said clause. The answers admitted the allegations of the bill.

The case was heard by *Field*, J., who found the following facts:

The testator, at his decease, was possessed of a large amount of property situated in Groveland, consisting mainly of mill property. The greater part of the testator's property in Groveland is contiguous. Two separate parcels, however, though situated in Groveland, are apart from the rest, one being one mile and a quarter and the other two thirds of a mile distant. The former of these two parcels has never been used in connection with the mills, but was formerly used as a homestead, and, at the time of the testator's death, was rented to persons in no way connected with the mills, as a dwelling-house and store. The latter of the two parcels, a wharf, has always been used entirely for the unloading and storage of coal to be used at the mills.

There was also another parcel of land, belonging to the testator at his death, situated at Boxford, which was purchased and used for flowage purposes in connection with the mills, and a mile and a half distant from the nearest one.

There was also one other parcel of land situated in Groveland, belonging to the testator at the time of his death, but which was in no way connected with the mills, except that it bordered on a brook which ran into the water privilege connected with the mills. It consisted of about two acres, part of which was woodland, and was distant from one of the mills about three quarters of a mile.

The judge reserved the case, on the bill and answers and the foregoing facts, for the consideration of the full court.

B. F. Brickett, for some of the defendants.

C. ALLEN, J. The executors were by implication authorized to make sale of the property, under the direction in the will that it should be sold; they being bound by law, and also being directed by the will, to see to the application of the proceeds of the sale. Lippincott v. Lippincott, 4 C. E. Green, 121. Lewin on Trusts (7th ed.) 423. Perry on Trusts, § 501.

The requirement that the sale should be made within one year was not imperative, but only directory. The executors might, indeed, be responsible for the consequences of a delay; but, on looking through the will, there is nothing to show that their power to sell was to cease with the expiration of one year, in case a sale should not be made earlier. They may well make a sale afterwards, and pass a valid title, without the direction or superintendence of a court of chancery. Pearce v. Gardner, 10 Hare, 287. Cuff v. Hall, 1 Jur. (N. S.) 972. Shalter's appeal, 43 Penn. St. 83. Lewin on Trusts, 390, 519. Perry on Trusts, §§ 490, 771, 783. 1 Jarm. Wills (5th Am. ed. by Bigelow) 592.

It is the duty of the executors to proceed with the sale as nearly as possible according to the directions of the will. We cannot assume to change the testator's scheme for the settlement of his estate, by declaring that the sale may be postponed, and the property let to tenants.

Looking at the situation of the property, as shown by the plan, it appears to have been the intention of the testator that the whole of his real estate in Groveland, and also the small piece of land in Boxford, which was near by and used for the purpose of flowing in connection with the mills, should be included in the sale.                    Decree accordingly.