## Fahnestock, Appellant, *v.* Fahnestock et al.

*Equitable conversion—Power of sale—Provisions of will.*

While a mere naked power of sale will not work a conversion of a testator's real estate, yet where it is clear from the face of the will that it was testator's intention that the power should be exercised, it will be construed as a direction to sell and will operate as an equitable conversion.

Where it plainly appears that effect cannot be given to material provisions of the will without the exercise of this power the conclusion is irresistible that a conversion is as effectually accomplished by the will as if it contained a positive direction to sell.

Testator after a power of sale gave directions for the investment of certain portions of his whole estate, real and personal, in mortgages, etc., the interest of which was to be paid to the legatees for life. *Held,* that it was apparent that testator intended a conversion of all his property into money for distribution, investment and payment of income as he had directed.

*Evidence of conversion—Privilege to purchase by legatees.*

The fact that testator gave to the beneficiaries under his will the privilege of purchasing his real estate in a manner prescribed by him is an additional evidence of the intention of the testator that they should take no title to it save by purchase from his executors.

*Power of sale—Failure of executors to exercise.*

The failure of executors to exercise a power of sale directed by testator to be exercised within a fixed time does not destroy the power. During the period limited they have some discretion: after its expiration they have none.

Submitted Nov. 2, 1892.   Appeal, No. 282, Oct. T., 1892, by plaintiff, B. S. Fahnestock, from decree of C. P. No. 1, Allegheny Co., March T., 1892, No. 527, dismissing bill for partition against Vernon Fahnestock et al.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity filed by B. S. Fahnestock against Vernon Fahnestock et al., children and devisees and legatees under will of Benjamin L. Fahnestock, deceased, praying for partition of real estate of testator.

The bill averred that Benj. L. Fahnestock died testate seized in fee of the property sought to be divided. The will was as follows:

" First. I order and direct my executors to pay out of the assets of my estate all my debts of every description.

" Second. I hereby empower and authorize my executors to sell all my real estate and personal property at public or private sale, and to make and execute deeds in fee simple for my real estate. But should any of my devisees hereinafter named desire to purchase any part or parts of my real or personal property, not to exceed their proportionate share in my estate, they shall have the first choice, according to their respective ages (the eldest first) at a valuation to be fixed by my executors, hereinafter named ; but in case the valuation fixed by my executors is not satisfactory to any of them, then it shall be

determined by three disinterested parties, one to be chosen by the party desiring to purchase, one by my executors, and the two thus chosen to choose the third, the decision of said referees shall be final and conclusive, and thereupon my executors shall make a deed in fee simple for such real estate, or make a proper transfer of such personal property, upon such price and upon such terms as said referees may agree upon said award.

" Third. I give and bequeath unto my wife, Mary F. Fahnestock, all my household goods and furniture, also one third of all my estate, to have and to hold the same during her natural life, and at her death the same one third shall be divided and disposed of as follows, viz.: To my daughter, Henrietta Fahnestock, one sixth part; to the surviving children of my son, Charles H. Fahnestock, their heirs and assigns, one twelfth part, to be divided among them share and share alike; to my son, Benjamin S. Fahnestock, his heirs and assigns, one sixth part; to my daughter, Caroline Ringold Vandevoort, her heirs and assigns, one sixth part; to my son, Vernon Fahnestock, his heirs and assigns, one sixth part; to Vernon Fahnestock, in trust for my son Levi Fahnestock, as hereinafter specified, one sixth part; to my grandson, William E. Fahnestock, and granddaughter, Ida May Fahnestock, children of my son, Walter B. Fahnestock, deceased, one twelfth part, to be divided between them, share and share alike, and I direct my executors to invest the said one twelfth so bequeathed unto my said named grandchildren, in good mortgages, real estate, or other safe securities and to pay over to the said William E. Fahnestock and Ida May Fahnestock, the interest or income thereof quarterly, share and share alike, during their natural lives; and at the death of either of them one half of the principal shall be paid to his or her children, but in case of the death of either or both of my said grandchildren, leaving no children to survive him, her or them, his, her or their share shall be divided among my surviving children, share and share alike, the children of any deceased child to take the same share his, her or their parents would have taken if living.

" Fourth. All the rest and residue of my estate (real and personal) I give, devise and bequeath as follows: One sixth part thereof unto my daughter, Henrietta Fahnestock, her heirs and assigns.

" One twenty-fourth part thereof unto my son, Charles H. Fahnestock, which shall be invested by my executors in mortgages or other safe securities, the interest of which shall be applied by them to his support, in case the United States government, in whose care he now is, shall cease to care for or support him—but I further direct my executors shall send him, out of the interest of the foregoing bequest, clothing to an amount not exceeding $100 per annum. At his death the foregoing bequest and accumulations accruing thereon, shall be divided among his children, share and share alike. One twenty-fourth part to the children of my son, Charles H. Fahnestock, their heirs and assigns, to be divided among them, share and share alike. One sixth part thereof unto my son, Benjamin S. Fahnestock, his heirs and assigns.

" One sixth part thereof unto my daughter, Caroline Ringold Vandevoort, her heirs and assigns.

" One sixth part thereof unto my son Vernon Fahnestock, his heirs and assigns.

" One sixth part thereof unto Vernon Fahnestock, in trust for my son, Levi Fahnestock, upon the trust hereinafter mentioned.

" Unto my grandson, William E. Fahnestock, and my granddaughter, Ida May Fahnestock, children of my son, Walter B. Fahnestock, deceased, one twelfth part, which I direct my executors to invest in good mortgages, real estate, or other safe securities, the interest or income of which they shall pay to the said William E. Fahnestock and Ida May Fahnestock, share and share alike, quarterly during their natural lives, and at the death of either of them, one half of the principal shall be paid to his or her children; but in case of the death of either or both of my said grandchildren, leaving no children to survive them, his, her, or their share shall be divided among my surviving children, share and share alike; the children of any deceased child to take the same share his, her, or their parents would have taken, if living.

" Fifth. The foregoing bequests and devises to Vernon Fahnestock, trustee for Levi Fahnestock, are to be held by him on the following trusts, to invest such sum or sums as he may receive from time to time, in the settlement of my estate in such securities, as in his judgment he may deem safe, and

to change investments from time to time and to pay over the income therefrom derived to said Levi from time to time during the life of my said son Levi, without the power of assignment or anticipation on the part of my said son Levi, and without liability of the principal or income for the debts, liabilities or contracts of the said Levi and without liability to execution or attachment by any creditor of said Levi; and on the death of said Levi, leaving child or children, or the children of child or children, the said income, dividends and profits arising from the said trust to be applied to the education maintenance of his child or children, and on the arrival at legal age of his said child or children, then this trust to cease, and the principal of the same to be paid over to said child or children, share and share alike.

" In the event of my child Levi dying, leaving no child or children, then the principal to revert to my legal heirs in the same proportions as bequeathed to them in my said will.

" Sixth. I nominate and appoint Alexander V. Verner and my son, Benjamin S. Fahnestock, executors of this my will, and I hereby give them two years after my decease for the final settlement of my estate; but in case my executors for good and sufficient reason require a longer time, with the consent of a majority of my heirs, the time may be extended two years."

The answer of A. C. Fahnestock averred that the will worked a conversion.

The case having been set down on bill and answer, the court held that the will of testator worked an equitable conversion of his real estate, and accordingly dismissed the bill.

*Errors assigned* were (1) finding that will worked a conversion, (2) dismissal of bill, (3) failure to enter decree in accordance with prayer of bill.

*S. Schoyer, Jr.,* and *W. A. Schmidt,* for appellant, cited Perot's Ap., 102 Pa. 235; Roland v. Miller, 100 Pa. 47; Chew v. Nicklin, 45 Pa. 84; Chew v. Chew, 28 Pa. 17.

*W. B. Rodgers* and *A. K. Stevenson,* for appellee, cited Paist's Ap., 1 Mona. 523; Laughlin's Est., 131 Pa. 333; Roland v. Miller, 100 Pa. 47; Laird's Ap., 85 Pa. 339.

OPINION BY MR. JUSTICE MCCOLLUM, November 11, 1892:

This is an appeal from a decree dismissing the bill of Benjamin S. Fahnestock for the partition of certain real estate situate in the Second ward of the city of Pittsburgh, of which his father, Benjamin L. Fahnestock, who died, testate, on the third of January, 1888, was seized in fee. It was alleged in the answer that by the provisions of the will of Benjamin L. Fahnestock there was an equitable conversion of his real estate into personalty. The case was set for hearing on bill and answer, which together contained such portions of the will as were deemed necessary by the parties to a proper understanding and decision of the question raised. It is not contended that the words, "I hereby empower and authorize my executors to sell all my real and personal property, at private, or public sale, and make and execute deeds in fee simple for my real estate," standing by themselves operate as a conversion, but it was thought by the learned judge of the court below, and it is insisted by the appellees here, that these words, taken in connection with the other provisions of the will, exhibit a clear intention and purpose on the part of the testator that his real and personal property shall be converted into money for investment, and the collection and disbursement of interest or income, in accordance with his directions therein, and further, that it is not possible to execute the will according to its terms without such conversion of his real estate.

A mere naked power to sell real estate does not operate as a conversion of it into personalty, but such power coupled with a direction or command to sell will have that effect. If a testator authorizes his executors to sell his real estate and to execute and deliver to the purchasers deeds in fee simple, of the same, as in this case, and it is clear from the face of his will that it was his intention that the power so conferred by him should be exercised, it will be construed as a direction to sell, and operate as an equitable conversion. If in addition to this clear intention of the testator it plainly appears that effect cannot be given to material provisions of the will without the exercise of this power, the conclusion is irresistible that a conversion is as effectually accomplished by the will, and the duties of the executors under it are the same, as if it contained a positive direction to sell. While these principles are not disputed

by the appellant, he contends that they are not applicable to this case ; that the authority given to the executors to sell was for the purpose of paying the debts of the testator, and as these have been paid or satisfactorily arranged, the power no longer exists.  We cannot agree that the authority given to the executors to sell the real estate was limited in accordance with this contention.  It is apparent on the face of the will that the testator intended his property, real and personal, should be converted into money, for distribution, investment and the collection and payment of interest or income, as he had directed.  It is true he provided in his will that the beneficiaries named therein might become purchasers, in the manner prescribed by him, of portions of his property, and receive from his executors deeds in fee simple of the real estate, and proper transfers of the personal property, so purchased by them.  But this was a privilege which they have not exercised, and we merely refer to it now as showing that the testator did not intend they should take title to any portion of his real or personal property except as purchasers of it from his executors.

It is not possible to execute certain provisions in the third and fourth clauses of the will without a conversion of the real estate as well as the personal property into money.  In the one third of his real and personal estate given to his widow during her life, his grandchildren, William E. Fahnestock and Ida May Fahnestock, have, under the third clause of the will, a one twelfth part which his executors are required to invest in good mortgages, real estate or other safe securities, and to pay over to the said William E. Fahnestock and Ida May Fahnestock the interest or income thereof quarterly, share and share alike, during their natural lives.  In the residue of his real and personal estate, his son Charles H. Fahnestock is given by the fourth clause of the will a one twenty-fourth part to be invested by the executors in mortgages or other safe securities, the interest of which is to be applied by them to his support, in case the United States government shall cease to care for or support him ; and William E. Fahnestock and Ida May Fahnestock have a one twelfth part, to be invested, and the interest or income of it to be paid to them, by the executors, in the manner and during the period provided for in the third clause already referred to.

As there can be no final settlement of the estate in accordance with the will until the power conferred upon the executor for the sale of the real and personal property is exercised, there should be no further delay in the execution of it. This power was not destroyed by the default of the executors, it survived their failure to exercise it within the four years allowed by the sixth clause for a final settlement of the estate. During this period they had some discretion as to the time of its exercise, but they have none now.

: The specifications of error are not sustained.

Decree affirmed and appeal dismissed at the costs of the appellant.