SPITZER v. SPITZER et al.

(Supreme Court, Appellate Division, Second Department.   March 7, 1899.)

1. WILLS—EXPRESS TRUST.
    Where an estate is devised to an executor, and he is directed to collect
    the rents, and divide them among the beneficiaries, until he shall sell the
    property, an express trust, and not merely a power in trust, is created.

2. SAME—PERPETUITIES.
    A will providing that the executor shall not sell for less than a named
    price, without the consent of the testator's sons, does not violate the stat-
    ute against perpetuities, since there is no restriction of the power of aliena-
    tion; for there are persons in being capable of conveying at any time
    an immediate and absolute fee in possession.

3. SAME—POWER OF SALE—FAILURE TO EXERCISE.
    Under a will directing that the executor shall sell within two years
    from its admission to probate, failure to sell within that time does not
    terminate the power of sale.

Appeal from special term, New York county.

Action by Robert Spitzer against Albert Spitzer, impleaded with
others.   From an interlocutory judgment in favor of the defendant
Albert Spitzer, plaintiff appeals.   Transferred from First to Second
department.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Henry Cooper, for appellant.
Jacob Marks, for respondent.

CULLEN, J.   The plaintiff demurred to the answer.   The de-
fendant retorted by asserting that the complaint did not state a good
cause of action.   This contention the court below upheld, and ren-
dered judgment in favor of the defendant.   The action is for parti-
tion, and the only question is whether, under the fourth clause in the
will of the ancestor of the plaintiff, the defendant, as executor, took
title to the real estate mentioned in that clause.   We think he did.
There is a devise in express terms to the executor, and he is directed
to collect the rents, and divide them among the beneficiaries, until
such time as he shall have sold the property.   This is an express
trust, not merely a power in trust.   It is therefore unnecessary to
consider whether the direction of the will that the executor should
sell constituted an equitable conversion.

The will directs that the executor shall sell as soon as possible after
the testator's death, and within two years from the admission of her
will to probate, for the best price that can be realized, but for not less
than $18,500, without the written consent of the testator's sons.   It
seems to us that this does not violate the statute against perpetuities.
The trust is to continue until the time of sale.   If the authority to
sell was unqualifiedly limited by the provision that the executor
should obtain the sum of $18,500 for the property, the trust would be
illegal, because it might be that the executor never could obtain that
price.   But under the will the executor can sell for any price, if he
obtains the consent of the testator's sons.   Therefore, under Robert
v. Corning, 89 N. Y. 225, there is no restriction of the power of aliena-

tion; for there are persons in being capable of conveying at any time an immediate and absolute fee in possession. Nor has the power of sale ceased by the failure to exercise it within the term of two years. It still continues. Mott v. Ackerman, 92 N. Y. 539.

The judgment appealed from should be affirmed, with costs. All concur.