ALICE L. B. MOLTEN, executrix,

*v.*

JOHN W. SUTPHIN.

[Filed May 10th, 1904.]

A testamentary clause, whereby a testatrix willed and directed that certain of the real estate of which she died seized should be sold and conveyed by her executrix "within five years from my decease," and the proceeds divided between two beneficiaries—*Held*, to be merely directory in respect to the limit of time for sale, and further held that the executrix retained power of sale after the expiration of the limited period.

On demurrer to bill.

*Mr. Gardner H. Cain,* for the demurrant.

*Messrs. Lanning & Wicoff,* for the complainant.

MAGIE, CHANCELLOR.

The complainant filed a bill for the purpose of enforcing a written contract, dated December 19th, 1903, made between her (as executrix of the last will and testament of her mother,

Catharine M. Brearley, deceased), of the one part, and John W. Sutphin, of the other part, for the purchase and sale of a tract of land lying in the county of Mercer, of which land the said Catharine M. Brearley had died seized. The complainant charges that her mother, Catharine M. Brearley, died testate, leaving a last will and testament and certain codicils thereto, which were admitted to probate by the surrogate of the county of Mercer after the death of the said Catharine M. Brearley, which occurred December 13th, 1895.

The bill sets out the will in full. It contains the following clauses:

"*Sixth.* I will and direct that my Chambersburg farm, now in the city of Trenton, lying on the southwesterly side of the Crosswicks turnpike road, and my other lands, meadows and flats in the township of Hamilton, in the county of Mercer and State of New Jersey, and my farm called the Dutch Neck farm, in said county of Mercer, be sold and conveyed by my executrix within five years from my decease and the proceeds equally divided between my said daughter and granddaughter.

"*Seventh.* All the rest of my estate of every kind and wheresoever situate I will and direct. to be sold by my executrix and turned into money and the proceeds equally divided between my said daughter and granddaughter."

The bill further charges that the said executrix tendered to the defendant, on the day on which the agreement between her and him was to be performed, a deed of conveyance for the lands contracted to be conveyed to him, which deed recited the death of Catharine M. Brearley, the publication of her last will and testament and the probate thereof, and the provisions of the sixth and seventh clauses of the will, and granted and conveyed to the defendant the lands which she had contracted to sell to him, and upon such tender she demanded the payment of the money which he had thereby agreed to make. It further charges that the defendant refused to perform the contract and alleged, as a cause for refusing, the inability of the complainant to convey a good title to the land because the period of five years, within which the testatrix had directed the said lands to be sold, had then expired. The bill proceeds to assert that this con-

struction of the will, alleged as a cause for refusal by defendant, is erroneous, and claims that she has power to execute a deed for said lands capable of passing a good title therefor. The prayer of the bill is for the specific performance of the contract.

To this bill the defendant has demurred, and the cause of demurrer assigned is that upon a proper construction of the sixth and seventh clauses of Mrs. Brearley's will the complainant possessed no power to make a contract for sale of the lands, or to execute a valid conveyance thereof, or to enforce the contract set out in the bill.

The will in this case has been before me. Parties interested in the estate and entitled to a share of the funds raised by a sale of the property under the sixth clause filed a bill in this court, by which they prayed, among other things, for a decree requiring the present claimant to sell said lands. That bill was filed after the expiration of the five years following the death of the testatrix. The scope of that bill was an admission on the part of the complainants thereto that the power to sell continued in the executrix after the expiration of the five years. There was consequently no argument to the contrary, and although I gave the matter some consideration, what was said thereon was probably unnecessary to the decision of the case, for the bill was dismissed because of a lack of parties necessary to justify a decree requiring a sale of the lands.

But I expressed the view that the executrix of Mrs. Brearley's will did not lose the power of sale conferred upon her by the sixth clause because the period of time mentioned therein had elapsed. Upon cases cited in that opinion, the view of this court was declared to be that where a limitation of time is imposed upon a power of sale and is of the essence thereof the power must be executed within the prescribed period, but where it is merely directory the power may be executed thereafter. Whether compulsory or directory is to be learned from the language of the whole will. That language seems to me to leave no doubt that the testatrix, in fixing the period of five years from her death, merely meant to direct her executrix, and not to compel her, to sell within that period. My subsequent con-

Molten *v.* Sutphin.

sideration of the question, upon the briefs filed in this case, has confirmed me in the view then expressed. *Brearley* v. *Molten, 17 Dick. Ch. Rep. 345.*

The directing purpose, in my judgment, appears in this clause itself from the provision therein made for the division of the proceeds of the sale by the executrix between beneficiaries, and the entire absence from the will of any disposition of the farm property directed to be sold, if the executrix should not have sold the same within the limited period. It is to be presumed that the testatrix did not intend to die intestate of this property if not sold. The provision of the seventh clause, giving power to the executrix to sell and turn into money all the rest of testator's estate without limit of time does not militate against this view, but rather strengthens it. The power of sale in each clause is expressed to be for the purpose of dividing the proceeds between the same beneficiaries. Their rights in the proceeds are not expressly given, but plainly inferable from the direction to divide the proceeds. It is inconceivable that the testatrix intended that the property in question, if unsold within five years, should descend to her heirs-at-law as undevised, or pass to the beneficiaries as devised. The purpose was to direct a sale within five years and to permit a sale thereafter for division of the proceeds.

The result is that the bill demurred to discloses a power of sale which complainant is capable of exercising, and as the demurrer admits that defendant contracted to buy from her the land in question, complainant is entitled, on the charges of the bill, to a decree for the enforcement of the contract.

The demurrer must be overruled.