# Fredericks, Appellant, *v.* Kerr.

*Wills—Power of sale—Real estate—Time limit.*

Where a testator grants "unto my executor the term of five years in which to make sale of my estate as aforesaid, using said time as in the judgment of my executor and the family may be deemed best in the interest of my estate," a sale by the executor within five years is discretionary, and thereafter it is mandatory, and if the executor sells after the expiration of five years he conveys a good title.

Argued Oct. 24, 1907. Appeal, No. 103, Oct. T., 1907, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1905, No. 71, for defendant non obstante veredicto in case of Wm. H. Fredericks v. A. H. Kerr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Ejectment for a lot in the borough of Burgettstown. Before MᶜILVAINE, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*Homer L. Castle,* with him *F. W. Jarvis* and *G. P. Baker,* for appellant, cited: Hemphill v. Pry, 183 Pa. 593.

*John H. Murdoch* and *Edgar B. Murdoch,* for appellee, were not heard.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

In his last will and testament the testator provides as follows: " I further direct that all my real estate and personal property be sold and converted into money except any household goods my wife may desire for her own use. . . . I hereby grant unto my executor the term of five years in which to make sale of my estate as aforesaid, using said time as in the judgment of my executor and the family may be deemed best

in the interest of my estate." He bequeaths to his wife the interest on a certain sum during her natural life, gives to his two sons, John Donnan and David Patterson, a collegiate education at Washington and Jefferson College, and then disposes of the residue of the proceeds of his property in the manner directed in the will.

Under the power conferred by the will the executor sold to the defendant's predecessor in title the land in dispute in this action of ejectment, which was brought by the appellant who claims title under a deed from the heirs of the testator made some years subsequent to the executor's sale. The appellant contends that the sale made by the executor passed no title, because it was not made within five years from the date of the testator's death. The court below held that notwithstanding the sale was made by the executor after the expiration of the five years from his death, the purchaser took a good title. In his opinion, entering judgment non obstante veredicto for the defendant on the question of law reserved, the learned judge said : " Taking the whole will together to discover the intention of the testator, we do not believe that he in naming five years intended to put a limit upon the power, but only upon its discretionary exercise. Up to the end of five years the power could be exercised or not by the executor at his discretion—after that it was mandatory. The default of the executor could not, and did not, destroy the power granted by the testator. It existed until the purpose was accomplished which the testator intended to be accomplished by having his real estate sold. That was a settlement and distribution of his entire estate in accordance with the provisions of his will."

The learned judge was clearly right in this interpretation of the testator's will. · Power was clearly conferred upon the executor to make sale of the real estate for the purposes named in the will. The rights of the beneficiaries could not be defeated by any act of the executor in failing or neglecting to make the sale within the five years named in the will. There is no provision in the will disposing of the real estate if the executor should not exercise his power to sell within the five years. The manifest purpose of the testator was to prevent a compulsory sale by the executor at the instance of the beneficiaries within five years, and not to deprive the executor of a

power of sale after the expiration of that time. Within the five years from the date of the testator's death the power of the executor was discretionary, made so by the testator, doubtless to protect the interests of the estate and to prevent a possible sacrifice of the property. He deemed it prudent that the executor should not be compelled to sell the real estate at an earlier period. Similar provisions are frequently found in wills, and they, in many instances, save the estate from great losses. Unless the view here taken of the clause in question in the testator's will prevails, the plain purpose he had in disposing of his estate will be defeated. He did not intend that such results should follow the failure of his executor in delaying the sale of his real estate a few months after the expiration of five years from his death. We think it clear that the learned judge of the court below properly interpreted the intentions of the testator in holding that a sale by the executor within five years was discretionary, and that thereafter it was mandatory.

Our conclusion is sustained by the decided cases. In Shalter & Ebling's Appeal, 43 Pa. 83, the will directs that the real estate be sold at public sale by the executors as soon after the testator's decease as may be according to their best discretion, so that it be " done within one year after his decease." Real estate was sold by an administrator c. t. a., and it was held that the sale " was as effectual as if it had been made by the executors, who undoubtedly had the power to sell, although the year had expired, for that was only directory, and not a condition precedent." Fahnestock v. Fahnestock, 152 Pa. 56, was a bill filed by the devisees and legatees under a will for a partition of the real estate of the testator. The will authorized the executors to sell the real estate, and in the last paragraph, after naming the executors, provided as follows: " And I hereby give them two years after my decease for the final settlement of my estate," with a provision that the time might be extended to four years. A sale not having been made by the executors within four years some of the heirs filed a bill for partition, which was dismissed by the court. In sustaining the court below, this court said (p. 63): " This power (of sale conferred on the executors) was not destroyed by the default of the executors; it survived their failure to exercise it within the four years allowed by the sixth clause for a final settlement

of the estate. During this period they had some discretion as to the time of its exercise, but they have none now."

A like ruling on similar clauses in wills has been made in the state of New York: Mott v. Ackerman, 92 N. Y. 539; Spitzer v. Spitzer, 38 N. Y. App. Div. 436.

We are of the opinion that the sale and conveyance made by the executor of the real estate in controversy to the defendant's predecessor in title conveyed a good title, and that, therefore, the judgment non obstante veredicto was properly entered by the court below in favor of the defendant.

The judgment is affirmed.