# Rieker *v.* Kaetz, Appellant.

*Wills—Power to sell real estate—Time when deed may be made.*

Executors may execute a lawful deed for real estate of decedent nine years and nine months after the latter's death, where the will provides as follows: "For the purpose of making distribution of my estate as hereinafter provided, I give my said executors, and the survivor or survivors of them full power and authority and empower and direct them to sell at public or private sale in their discretion, any or all of my real estate, and execute and deliver good and sufficient deeds therefor to the purchasers thereof. All of my real estate to be sold within one year after my decease."

Submitted Nov. 12, 1917. Appeal, No. 256, Oct. T., 1917, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1917, No. 14, for plaintiffs on case stated in suit of Frank J. Rieker et al., Executors of Frank A. Rieker, deceased, v. John Kaetz. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated to determine whether plaintiffs had power to execute a valid deed.

HASSLER, J., filed the following opinion:

The facts necessary for the proper disposition of this case have been agreed upon by the parties in the form of a case stated. It appears in it that Frank A. Rieker died on August 4, 1907, leaving a will in which he provides, among other things, as follows: "For the purpose of making distribution of my estate as hereinafter provided, I give my said executors, and the survivors or survivor of them, full power and authority, and empower and direct them, to sell, at public or private sale, in their discretion, any or all of my real estate, and execute and deliver good and sufficient deeds therefor to the purchasers thereof. All my real estate to be sold within one year after my decease." The will was duly proven and letters testamentary were granted to the plaintiffs, who are named executors therein.

Among other real estate of which the testator died seized was a house and lot of ground situated on St. Joseph St., in the City of Lancaster, Pa. On March 1, 1917, the plaintiffs sold this house and lot of ground to the defendant for the sum of $1,200. A written agreement was made between them on that day to that effect. It was also stipulated in it that the defendant was to pay the said amount on May 25, 1917, and that on the same day the plaintiffs were to convey to him the said house and lot of ground by a good and sufficient title in fee simple. On the day mentioned the plaintiffs tendered a deed to the defendant, who refused to accept it and to

pay the purchase-money, giving as his reason, that more than one year having passed since the death of the testator the plaintiffs were without power to make a conveyance.   It is admitted that otherwise the title and conveyance are good.

The only question for our consideration, then, is whether the plaintiffs, nine years and nine months after the death of the testator, can exercise the power to sell given in his will, which directs that all of his real estate shall be sold within a year after his death.

Where powers are directed to be exercised within a certain time, the rule of construction is that the limitation as to time is merely directory, and it can be exercised after the time has expired unless it appears that the donor intended that time should be of the essence of the power.   The rule is stated in 31 Cyc., 1112, as follows: "Where the donee (of a power) is directed to execute the power within a certain time or at a future time the general rule of construction is that the limitation is directory merely, unless it appears that the donor intended that it should be of the essence of the power. Nor will a provision in the will making legacies payable within a specific time after the testator's death preclude the executors from selling the real estate after the lapse of such time in order to pay unpaid legatees."

In Fredericks v. Kerr, 219 Pa. 365, the testator granted "Unto my executor the term of five years in which to make sale of my estate as aforesaid, using said time as in the judgment of my executor and the family may be deemed best in the interest of my estate."   It was held that the power could be exercised after the expiration of the five years.   In delivering the opinion of the court Justice MESTREZAT says: "The learned judge was clearly right in this interpretation of the testator's will.   Power was clearly conferred upon the executor to make sale of the real estate for the purposes named in the will.   The rights of the beneficiaries could not be defeated by any act of the executor in failing or neglecting to make the

sale within the five years named in the will. There is no provision in the will disposing of the real estate if the executor should not exercise his power to sell within the five years. The manifest purpose of the testator was to prevent a compulsory sale by the executor at the instance of the beneficiaries within five years, and not to deprive the executor of a power of sale after the expiration of that time. Within the five years from the date of the testator's death, the power of the executor was discretionary, made so by the testator, doubtless to protect the interests of the estate and to prevent a possible sacrifice of the property. He deemed it prudent that the executor should not be compelled to sell the real estate at an earlier period. Similar provisions are frequently found in wills, and they, in many instances, save the estate from great losses. Unless the view here taken of the clause in question in the testator's will prevails, the plain purpose he had in disposing of his estate will be defeated. He did not intend that such results should follow the failure of his executor in delaying the sale of his real estate a few months after the expiration of five years from his death. We think it clear that the learned judge of the court below properly interpreted the intentions of the testator in holding that a sale by the executor within five years was discretionary, and that thereafter it was mandatory."

In Fahnestock v. Fahnestock, 152 Pa. 56, the testator in his will gave his executor power to sell the real estate. He then directed that final settlement of his estate should be made in two years. He died in January, 1888. Nearly five years afterward a bill was filed by one of his heirs to partition the real estate. The court below dismissed the bill, holding that the power of sale for the purpose of distribution worked an equitable conversion of the real estate, and that the failure of the executor to exercise the power of sale within a fixed time did not destroy it. In the opinion of the Supreme Court affirming this, it is said: "If a testator authorizes his execu-

tors to sell his real estate and to execute and deliver to the purchasers deeds in fee simple, of the same, as in this case, and it is clear from the face of his will that it was his intention that the power so conferred by him should be exercised, it will be construed as a direction to sell, and operate as an equitable conversion. If in addition to this clear intention of the testator it plainly appears that effect cannot be given to material provisions of the will without the exercise of this power, the conclusion is irresistible that a conversion is as effectively accomplished by the will, and the duties of the executors under it are the same, as if it contained a positive direction to sell. While these principles are not disputed by the appellant, he contends that they are not applicable to the case; that the authority given to the executors to sell was for the purpose of paying the debts of the testator, and as these have been paid or satisfactorily arranged, the power no longer exists. We cannot agree that the authority given to the executors to sell the real estate was limited in accordance with this contention. It is apparent on the face of the will that the testator intended his property, real and personal, should be converted into money, for distribution, investment and the collection and payment of interest or income, as he had directed." Shalter & Ebling's App., 43 Pa. 83; Wilkinson v. Buist, 124 Pa. 253; Fidler v. Lash, 125 Pa. 87, cited by counsel for the plaintiff are to the same effect.

In this case the purpose of the testator was not to prevent his executors from selling after the expiration of the year from his death, but to urge prompt action on their part, so that the main purpose of the will might be carried out as soon as possible. This purpose, as expressed by him, is to distribute his estate among those entitled to it, according to the terms of the will. The execution of the power within the time limit is therefore directory, and is not of the essence of the power. To hold that the power lapsed at the expiration of the limi-

182, (1918).] Opinion of Court below—Arguments.

tation would enable the executors to defeat the main intention of the testator, in fact would result in destroying that intent and in depriving those entitled to receive the estate by the terms of the will of their shares in it. This, according to the authorities cited above, cannot be done. The power to sell, in our opinion, has not been destroyed by delay on the part of the executors, but can be exercised by them now, so as to carry out the intention of the testator, in distributing his estate.

The title which the plaintiffs offered to convey to the defendant being that which they agreed to convey, and having the power, by the terms of the will, to convey it at the time they offered to do so, it was the duty of the defendant to have accepted it and to have paid the price which he bound himself in the agreement to pay. We, therefore, enter judgment against him for the sum of $1,200.

*Error assigned* was in entering judgment for plaintiffs.

*B. C. Kready,* for appellant.—After nearly ten years from decedent's death the executors' power was exhausted: Simmons's Est., 254 Pa. 231; Severn's Est., 211 Pa. 68; Musselman's App., 65 Pa. 480; Dundas's App., 64 Pa. 325; Schenck v. Clyde, 53 Pa. Superior Ct. 652; Eberly v. Koller, 209 Pa. 298; Wilkinson v. Buist, 124 Pa. 253; Swayne v. Lyon, 67 Pa. 436; Swift's App., 87 Pa. 502.

*John A. Nauman* and *John E. Malone,* for appellees.— Where the executor is directed to execute the power to sell within a certain time seems to be that the limitation is merely directory and the executor can confer a good title after the time has expired, unless the donor intended that the time should be of the essence of the power: Shalter & Ebling's App., 43 Pa. 83; Fahnestock v.

Arguments—Opinion of the Court. [69 Pa. Superior Ct.

Fahnestock, 152 Pa. 56; Fredericks v. Kerr, 219 Pa. 365; Fidler v. Lash, 125 Pa. 87.

PER CURIAM, March 2, 1918:

For the reasons given in the opinion filed in the court below, the judgment in this case is affirmed.