UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of WILLIAM WASHINGTON COLE, Deceased, Respondent, v. MARGARET C. COLE and Others, Respondents, Impleaded with ETHEL COOKE, as Guardian of ZOE STANLEY COOKE, and CLAUDE STANLEY COOKE, Appellants.

. First Department, November 18, 1921.

Wills — construction — provision in will for division of residuary estate — direction to sell real estate and pay over proceeds works equitable conversion — residuary clause providing for distribution among widow and other legatees — widow's share if not distributed to her before her death to be divided among other residuary legatees — provision that estate should be settled within five years did not cut down contingent estate of residuary legatees in widow's undistributed share — remaining residuary legatees entitled to undistributed portion of widow's share though she did not die within five-year period — executor had power to sell after five-year period.

The testator by the terms of his will after directing the sale of any or all of the real estate of which he died seized, authorized the executor to divide the residue of the estate into eight equal shares, two to his wife and one to each of six persons named therein. There was a proviso that if either of the said persons should predecease the testator, the share of the one so dying should go to his or her heirs or next of kin. It was also provided that " In case of the death of my wife * * * before the time when my executor may be able to pay in full these residuary shares, then such two shares or any portion of the two shares of this residuum hereunder above designated for her in the hands of my executor shall be distributed equally among the above six persons, on the same terms that each of said six persons takes his or her share aforesaid." The will then provided: " I direct that my estate shall be settled and the terms of my will fully carried out by my executor by the end of the fifth year after my decease, and sooner than that if possible." The testator's wife survived the five-year period by two months and four days and at her death there remained one parcel of real estate, a portion of the residuary estate, that had not been sold.

Held, that the explicit direction to the executor to sell the real estate and pay over the proceeds worked an equitable conversion of the real estate into personalty, and subjected it to the rules of law governing the devolution of personal property.

While it was apparently the intention of the testator that his real estate should be speedily sold, he, however, vested his executor with discretion

as to time, terms and manner of sale, and the provision limiting the executor to five years in settling the estate, which provision was not a part of the clause conferring the power of sale, or the clause relating to the distribution of the residuary estate, was directory and not mandatory and did not have the effect of limiting the executor's power of sale or of changing the provisions of the will for the distribution of the residue.

Accordingly, at the end of the five-year period, the widow's undistributed share did not pass to her absolutely, but remained in the executor and on her death thereafter the executor had the power to sell the real estate remaining in the residuary estate and distribute the undistributed share of the widow among the surviving residuary legatees and the personal representatives of the deceased legatees.

APPEAL by the defendants, Ethel Cooke, as guardian *ad litem* of Zoe Stanley Cooke, and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of December, 1919, on the decision of the court rendered after a trial at the New York Special Term.

*Arthur Ofner*, guardian *ad litem*, of counsel, for the appellants.

*Miller, King, Lane & Trafford* [*William G. Barr* of counsel], for the plaintiff, respondent.

*F. Herbert Wadsworth* [*Grant C. Fox* of counsel], for the defendants, respondents.

PAGE, J.:

The action is for the construction of the last will and testament of William Washington Cole, deceased. The doubtful questions which the executor asks to have settled relate to the residuary clause of the will.

The testator empowered and directed the executor to sell any or all of the real estate of which he died seized on such terms and in such manner as might seem best to the executor. After numerous bequests, he authorized (clause X) the executor to divide all the rest, residue and remainder of his estate into eight equal shares, and to pay over two of such shares to his wife, Margaret C. Cole, and one to each of six persons, therein named, with the proviso that if either of the said persons should predecease the testator, then he gave the share of the one so dying to his or her heirs or next of kin.

It was also provided that " In case of the death of my wife Margaret C. Cole before the time when my executor may be able to pay in full these residuary shares, then such two shares or any portion of the two shares of this residuum hereunder above designated for her in the hands of my executor shall be distributed equally among the above six persons on the same terms that each of said six persons takes his or her share aforesaid." The will further provides: " I direct that my estate shall be settled and the terms of my will fully carried out by my executor by the end of the fifth year after my decease, and sooner· than that if· possible."

The learned justice at Special Term has construed this last provision as a condition limiting the power of sale of the executor and vesting any portion of the two shares which is in the hands of the executor absolutely in Margaret C. Cole, at the expiration of the fifth year after the testator's decease, provided she survived that period.

William Washington Cole died on March 10, 1915. The judgment herein was entered on December 10, 1919, and Margaret C. Cole died on May 14, 1920. Thus she survived the five-year period by two months and four days. At the time of her death there remained one parcel of real estate, a portion of the residuary estate, that had not been sold. With this exception the estate had been distributed.

The explicit direction to the executor to sell the real estate and pay over the proceeds works an equitable conversion of the real estate into personalty, and subjects it to the rules of law governing the devolution of personal property. (*Hope* v. *Brewer*, 136 N. Y. 126, 134.)

It was the intention of the testator that his real estate should be speedily sold and reduced to cash. He, however, gave his executor discretion as to time, terms and manner of sale, and it is to be noted that the limitation of five years is not embodied in that clause of the will which confers the power of sale. Nor is the limitation contained in the clause relating to the distribution of the residuary estate. It is a separate clause directing his executors to settle his estate and fully carry out the terms of his will. In my opinion, this provision is directory and not mandatory; it was not a condition limiting the executor's power of sale nor effecting

a change in the provisions of the will. It was to obtain a speedy settlement of his estate but not to destroy his scheme of distribution.

In construing a clause in a will providing " within three years from the proof of this will, I authorize, empower and direct them [the executors] to convert into money all my real and personal estate," when the sale was made after the three-year period, the Court of Appeals said: " The neglect or misconduct of executors ought not to defeat the purposes of the testator, or destroy the rights which depend upon their proper performance of duty. We * * * should, therefore, read the provision for a sale within three years as not limiting the authority, but qualifying the command. The meaning is, I ' authorize ' you to sell, and I ' direct ' you to do so within three years after probate. It was an injunction to promptness in the exercise of the authority. Neglect to obey the command did not destroy the authority conferred." (*Mott* v. *Ackerman*, 92 N. Y. 539, 551.)

The entire provision of the will for the division of the residuary estate, is contained in clause X. It contains a concrete and complete scheme for the distribution of the residue. Under its terms, any portion of Margaret C. Cole's share, undistributed at the time of her death, is to be divided in equal shares among the remaining six residuary legatees. The limitation in this clause is measured solely by a period ending upon the death of the widow, her residuary share being then wholly or partly undistributed, or upon the complete distribution of her share prior to her death. While it is true that the intention of the testator is to be gathered from a reading of the entire will, yet general expressions in other parts of the will, dealing with the estate as a whole, cannot override the clear and distinct provisions relating to the residuum. The testator left him surviving no direct descendants. It would appear that the six persons named as residuary legatees were his nearest relatives. His purpose was to confine the residue of his estate to his widow and these six cousins, or the heirs and next of kin of the latter in case of their decease before distribution; he, therefore, provided that if his wife should die before receiving her share in whole or in part, the executor should pay over to the other six in equal

shares such undistributed residuum. Clause X is clearly a dominant provision of the will and may not be cut down or limited by subsequent provisions, unless the intent so to do is expressed in decisive and unqualified terms. (*Matter of Goetz,* 71 App. Div. 272, 276.) The contingent estate created in the widow's undistributed share in favor of the six residuary legatees is clearly and decisively given, and " such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." (*Roseboom* v. *Roseboom,* 81 N. Y. 356, 359; *Adams* v. *Massey,* 184 id. 62, 69; *Tillman* v. *Ogren,* 227 id. 495.)

The judgment should have provided for the sale of the property and that the proceeds be divided equally among the surviving residuary legatees and the personal representatives of the deceased legatees.

The judgment so far as appealed from and the findings inconsistent herewith are reversed, and the judgment modified in accordance with this opinion, with costs to all parties appearing and filing briefs in this court, payable out of the estate.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment modified in accordance with opinion and as so modified affirmed, with costs to all parties appearing and filing briefs in this court, payable out of the fund. Settle order on notice.