## Whalen's Estate.

*Practice, O. C.—Sale of real estate by executor—Setting aside for inadequacy of price—Exercise of power after time specified in will.*

Testatrix directed her executor to sell the real estate within one year after her death. She died April 4, 1918. On July 26, 1919, her executor sold the real estate in question for $2900. On petition by a distributee to set the sale aside on the ground that the executor exceeded his authority in making the sale after the specified time, and that he (the distributee) had found a prospective purchaser who was willing to pay $3200, to which an answer was filed, averring that $3200 was the market value at the time of sale, and explaining the delay: *Held:* 1. That the executor had not exceeded his power. 2. That the sale would not be set aside for inadequacy of price. 3. That the petition should be dismissed without prejudice to the petitioner's right to raise the question of the inadequacy of the price upon the audit of the executor's account of the proceeds.

Petition and answer. O. C. Phila. Co., Oct. T., 1919, No. 691.

*Aaron Trasoff*, for plaintiff; *Wm. Charles Brown*, for defendant.

LAMORELLE, P. J., May 23, 1922.—Bridget Whalen died April 4, 1918. By will made in 1914, she directed the executor therein named to sell all of her real estate, "and to divide the proceeds of such sale," together with her personal estate, among her husband, two of her sons and two of her daughters by name, "equally share and share alike." The sale was to be made within a period of one year after the date of her death.

1 D. & C.

### Whalen's Estate.

On July 26, 1919, the executor sold real estate No. 5657 Boyer Street at public sale for $2800. This took place some three and a-half months after the time limit.

Some time in the year 1921, Robert Whalen, one of the sons mentioned in the will, filed the petition now before us; he prays that the sale be set aside, in that the executor exceeded his authority in the premises; alleges inadequacy of price, that a purchaser can be had who is willing to pay $3200, and further prays that the court direct the executor to sell at the latter price.

The executor does not answer, but Mary C. Delaney, the purchaser at public sale, does. She avers that the sum which she agreed to pay was the market value at the time; a willingness to settle at any time, and ascribes the delay to the inability of the executor to make title during the life of the surviving husband of testatrix; that the husband is now deceased, and that she has been informed that the executor is ready to proceed.

We find little merit in the petition. It would seem that the executor was well within his rights in selling after the year: Shalter and Ebling's Appeal, 43 Pa. 83; Fredericks v. Kerr, 219 Pa. 365; Rieker v. Kaetz, 69 Pa. Superior Ct. 182.

If, however, the executor did exceed his authority in making sale after one year had elapsed, he could file a petition under the terms and provisions of the Revised Price Act of 1917, P. L. 388, to authorize or to confirm the sale, as made. That act, section 2 (d), confers jurisdiction "where there is a power of sale, but . . . (3) the time limit for its exercise may have expired."

We believe, in the circumstances, that substantial justice will be done by giving the present petitioner leave to offer testimony at the proper time, tending to show that the property was worth more than that for which the executor sold it.

The petition is, therefore, dismissed, without prejudice to the right of the petitioner to present such testimony as is relevant and pertinent when the account of the executor, bringing in the proceeds of the sale, is before this court for audit.