## Kolb's Estate.

*Wills—Construction—Conversion—Trusts and trustees—Partition—Executors and administrators.*

1. Where a will does not contain a positive direction to sell real estate, but simply authorizes and empowers the executors to sell, it will, nevertheless, be construed as working an equitable conversion of real estate into personal property, where two trusts created by the will can only be accomplished through the sale of the real and personal property by the executors.

2. Where there is a dissension among executors whether real estate should or should not be sold, and it appears that such sale is proper and necessary, the court will, in a proper proceeding, direct that such sale shall be made.

Petition for an inquest in partition. O. C. Schuylkill Co.

*R. J. Graeff,* for petitioners; *John B. McGurl,* contra.

WILHELM, P. J., Dec. 18, 1922.—Julius Kolb and George Kolb presented their petition for an inquest in partition of the estate of Philip Kolb, Sr., who died on Feb. 8, 1916, and a rule was issued on March 13, 1922, to show cause why an inquest in partition should not be awarded as prayed for.

Otto Kolb, a son and one of the devisees under the will of Philip Kolb, Sr., filed his answer, the effect of which is that the will of Philip Kolb, Sr., worked an equitable conversion of all his real estate, and the answer raises the only question before us for decision.

### Kolb's Estate.

The will of Philip Kolb, Sr., directs the payment of his debts and funeral expenses, and follows said direction with the following language: "As to such estate as I shall be possessed of at the time of my decease, I dispose of the same as follows: I give, devise and bequeath to my son, Otto Kolb, of Tamaqua, Penna., one-fifth of my estate, real and personal, absolutely." This devise is followed in the same language by a devise of one-fifth respectively to his sons, Julius Kolb and George Kolb.

The next bequest is one-fifth of the estate to Otto Kolb, Julius Kolb and George Kolb in trust for Philip Kolb, Jr., with the provision that the "trustees shall create a trust fund out of this bequest and invest the same at interest," with power to revoke and terminate the trusteeship "whenever they think it advisable to do so," and with the further provision "that neither the principal nor the produce of this fund" shall be subject to the control, debts, liabilities or engagements of Philip Kolb, Jr.

The last bequest reads as follows:· "I give, devise and bequeath to the Girard Trust Company of Philadelphia one-fifth of my estate, real and personal, in trust nevertheless for my daughter, Mary D. Schlenker," with the provision that the trustee "shall invest the share of my said daughter in safe and reliable securities," pay the income to his daughter, and further provides "the payments to my said daughter by said trustee from said income from investments to be made at least semi-annually," and oftener under certain circumstances. A further provision as to this bequest is: "The said interest or income not to be subject to" any debts or liabilities of the daughter.

The executors were authorized to sell in the following language: "I do hereby authorize and empower the executors of this my will to sell and convey any of the real and personal property of the estate at public or private sale for the best price or prices that can be obtained therefor when in the judgment of said executors or the survivor of them it is advisable so to do and for the best interest of the estate or to more advantageously carry out the provisions of my will as to the said trusts or otherwise."

The will does not contain a positive direction to sell, and, generally speaking, where executors are merely given power and authority to sell, a conversion has not been worked. But where there is a blending of real and personal estate, and it is impossible to carry out the directions in the will without making sale, it has frequently been held that it was the intention of the testator to dispose of his estate as personal property. It is not possible to execute the two last provisions of the will, in which he bequeathed one-fifth of his estate to his executors in trust and one-fifth of his estate to the Girard Trust Company in trust, without a conversion of his real estate as well as the personal property into money. In the bequest of one-fifth to his executors in trust he directs them to create a trust fund out of said bequest and invest the same at interest and pay the income, and at the termination of the trust he provides for the payment of the principal or its equivalent.

In this bequest the trustees are given no power to sell real estate, and the tenor of this bequest indicates that the trustees, who also are the executors, shall receive money for the purpose of investment and paying the income, and this purpose can only be accomplished through the sale by the executors of the real and personal property.

The bequest to the Girard Trust Company as trustee more strongly indicates that the trustee was to receive money, because there is included in this bequest one-fifth of the estate without any distinction as to real and personal property, with a positive direction that the trustee shall invest said share in safe and reliable securities and pay the income thereof, and the income from

3 D. & C.

Kolb's Estate.

investments is to be paid at least semi-annually. This clause of the will absolutely precludes any thought that the Girard Trust Company was to have control of any real estate or unconverted personal property of the testator, and clearly indicates that the trustee was to receive from the executors money to the extent of one-fifth of the value of the estate. The executors could not pay this bequest without sale of the assets of the estate, both real and personal. The testator having contemplated the conversion of his whole estate into money at the time of his death, under the rule laid down in Fahnestock v. Fahnestock, 152 Pa. 56, there has been worked an equitable conversion of the real estate, and the real estate is not subject to a proceeding in partition, and the proceeding in partition should be dismissed.

It follows, therefore, the testator having died in the year 1916, that the executors should proceed to sell the real estate, so that the provisions of the will can be carried into immediate effect, unless some reason which has not been disclosed exists for further delay in the sale of the real estate. It has been said by counsel that there is dissension among the executors; therefore, on account of lack of harmony, the executors cannot agree concerning the sale of the real estate. This does not seem to be a sufficient excuse for past or further delay in the sale of the real estate, and certainly would not deter the court from directing a sale in a proper proceeding.

The petition for partition is dismissed.

From M. M. Burke, Shenandoah, Pa.