## 11271

### STORK *ET AL.* v. MERCHANT *ET AL.*

#### (118 S. E., 530)

EXECUTORS AND ADMINISTRATORS—EXECUTORS AUTHORIZED TO CONVEY REALTY AFTER EXPIRATION OF PERIOD WITHIN WHICH SALE DIRECTED.—Under a will leaving the residuary realty and personalty to executors and directing a sale of it at such time within five years as they deemed most advantageous, after the expiration of the five-year period the executors still have the power to convey realty.

Before WHALEY, J., County Court, Richland, 1923. Affirmed.

Action by Martin Stork and others, as executors, against E. G. Merchant and others. Judgment for plaintiffs and defendants appeal.

*Mr. W. T. Aycock,* for appellants, cites: *"Desire" in a will is mandatory:* 37 N. W., 263; 29 Pac., 282; 47 Atl., 633; 37 N. E., 203; 4 Atl., 5; 8 Atl., 920; 20 Atl., 624; 15 Ohio St., 111; 1 Hill Eq., 51; 16 S. C., 155; 17 S. C., 45.

*Mr. R. B. Herbert,* for respondents, cites: *Scheme of the Will important:* 113 S. C., 416. *Will and Codicil form one instrument:* 113 S. C., 227. *Words used are directory not imperative:* 41 S. C., 298; 16 S. C., 155; 17 S. C., 45.

July 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action by the executors of the will of Abraham Stork for the specific performance of a contract for the sale of a certain piece of real estate, a part of his estate, entered into by the executors and the defendants on February 10, 1923. The executors claim the right to sell the land under said will, and in compliance with the contract tendered a deed conveying the land to the defendants. The defendants de-

clined to accept the deed upon the ground that the executors
were without the power to convey. This action was then insti-
tuted for the purpose of determining that question, which
obviously involves the construction of the will.

The will, in Item 3, after certain directions and devises not
in question or pertinent to the present inquiry, gives and be-
queaths all the residue of the testator's property, of all
kinds, to the executors to "sell as hereinafter directed" and
to distribute as therein directed. Item 4 contains spe-
cific directions as to the sale referred to in Item 3, provid-
ing:

"That they sell and dispose of the rest and residue of all
my property, real and personal, at public or private sale, at
such time within five years from my decease, and upon such
terms and in such manner as they may deem most advan-
tageous."

The will is dated in 1911; a codicil was added in No-
vember, 1912, which does not affect the present issue, and
the testator died in December 1912.

The contention of the defendants is that Item 4 contains
a limitation of five years after the death of the testator
within which time the executors were authorized to sell the
real estate, and that, not having exercised that power within
that period, they are, after the expiration, powerless to do so.

It is significant that there is no provision in the will di-
recting the devolution of the estate in the event that the
power of sale should not be executed within the period of
limitation; and it is obvious that if the fixing of that period
was intended to be an absolute limitation upon the power of
sale by the executors, the failure of the executors to execute
it within the period would annihilate the entire scheme of
the will and convert the legacies and devises into intestate
property—a result which could not have been intended by
the testator, and a result which might have been consum-
mated by the intentional procrastination of the executors.

In Shalter and Ebling's Appeal, 43, Pa. ·83 ; 82· Am. Dec., 552, the testator directed that all the rest of his real estate should be sold at public sale by his executors "as soon after my decease as may be, according to their best discretion, so that it be done within one year after my decease." More than a year after testator's death, the administrator *c. t. a.* sold a part of the real estate under the authority contained in the will. Attack was made upon the validity of this sale and the Court held:

"The sale of the real estate by the administrator, George Fox, was as effectual as if it had been made by the executors, who undoubtedly had the power to sell, although the year had expired, for that was only directory, and not a condition precedent."

In *Hale v. Hale,* 137 Mass., 168, it is held that, where testator directs that within a year from the time of his death his land shall be sold and the proceeds remain with the executors for specific purposes, the power to sell may be exercised by the executors after the expiration of the year.

In *Waldron v. Schlang,* 47 Hun (N. Y.), 252, it was held that where a testatrix empowered her executor, at any time within five years, to sell all her estate, both real and personal, and divide the same into equal portions, to be paid to certain legatees, such power to sell did not become inoperative by the lapse of the five years without its exercise, and that sale made by the executor after the expiration of that time passed a valid title to the property to the purchaser.

In *Wells v. Sloyer,* 1 Clark (Pa.), 516, it was held that a power to sell within a limited period, where it is coupled with or.is in the nature of a trust, may be executed after the lapse of the period prescribed.

In *Fahnestock v. Fahnestock,* 152 Pa., 56; 25 Atl., 313; . 34 Am. St. Rep., 623, it was held that where the will empowered executors to sell all of the property, execute deeds for the real estate, and invest the proceeds, the executors to

have four years within which to settle the estate, such power was not destroyed by a failure to exercise it within the time allowed in the will for the settlement of the estate.

In *Kidwell v. Brummagim,* 32 Cal., 444, it was held that, when testator directs executor to sell real estate within one year, the power to sell is not limited to one year unless there be express words in the will to show that such was the testator's intention.

In *Grove v. Willard,* 280 Ill., 247; 117 N. E., 489, it is held that the power of sale was not destroyed by the failure of the executrix to exercise it as directed by the will.

In *Molten v. Sutphin,* 66 N. J. Eq., 20; 57 Atl., 974, it was held that, where testatrix directed that certain real estate be sold by her executrix "within five years from my decease," and the proceeds divided between two beneficiaries, the provision was merely directory in respect to the limit of time for sale, and that the executrix retained the power of sale after the expiration of the limited period.

In *Spitzer v. Spitzer,* 38 App. Div., 436; 56 N. Y. Supp., 470, it was held that, under a will directing that the executor sell within two years from its admission to probate, failure to sell within that time does not terminate the power of sale.

In *Frederick v. Kerr,* 219 Pa., 365; 68 Atl., 835, it was held that, where the executor was empowered at any time within five years, in his discretion, to sell certain real estate, a sale within that period was discretionary and that a sale thereafter conveyed a good title. See, also, *Union Trust Co. v. Cole,* 198 App. Div., 534; 190 N. Y. Supp., 855; *Grove v. Willard,* 280 Ill., 247; 117 N. E., 489.

Our conclusion is in accord with the foregoing authorities, that the executors, notwithstanding the expiration of the five years, were vested with full power to convey the real estate.

The judgment of this Court is that the judgment of the lower Court be affirmed.